Steven P. Warner (SBN 159404)
Email: swarner@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
SYNCHRONY BANK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKUB MADEJ,<br><br>      Plaintiff,<br><br>      vs.<br><br>PAYPAL CREDIT d/b/a PAYPAL, INC.,<br><br>      Defendant. | Case No.: 5:21-cv-02713-SVK<br><br>[Hon. Mag. Judge Susan van Keulen<br><br>**DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES**<br><br>Date Filed:     April 15, 2021 |

AND NOW comes Defendant Synchrony Bank, improperly named as PayPal Credit d/b/a PayPal, ("Synchrony"), by and through its undersigned counsel, and files the within Answer and Defenses to the Complaint of Jakub Madej ("Plaintiff") and in support thereof, states as follows:

## NATURE OF THIS ACTION

1.     The statements in this paragraph constitute general or introductory statements and/or conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations, denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA") in any way, and denies the use of an automatic telephone dialing system ("ATDS"), or a "robocalls" as those or similar terms are defined by the TCPA.

# PARTIES

2. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations.

3. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations. Synchrony denies that PayPal Inc. or PayPal Credit is a proper party to this action.

# JURISDICTION AND VENUE

4. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations.

5. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations.

6. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations.

# STATUTORY FRAMEWORK AND SOURING REALITY[1]

7. The statements in this paragraph constitute general or introductory statements and/or conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

8. The statements in this paragraph constitute general or introductory statements and/or conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations and denies that it violated the

---

[1] For convenience only, Synchrony has used the headings set forth in Plaintiff's complaint. Synchrony does not agree with the characterization of a "souring reality."

DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

TCPA in any way.

9. The statements in this paragraph constitute general or introductory statements and/or conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

10. The statements in this paragraph constitute general or introductory statements and/or conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

## FACTUAL BACKGROUND

11. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

12. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

13. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations. Synchrony denies the allegations and denies that it violated the TCPA in any way and denies the use of an ATDS as that term is defined by the TCPA.

14. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

15. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

16. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the

DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES

allegations.

17. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations. Also, Synchrony lacks knowledge or information sufficient to form a belief as to the truth of some of the allegations in this paragraph. To the extent a response is required, Synchrony denies those allegations.

18. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

19. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations, denies that it violated the TCPA in any way, and denies the use of an ATDS and/or that it made "robocalls" as those or similar terms are defined by the TCPA.

20. The allegations of this paragraph and its sub-parts constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations of this paragraph and denies that it violated the TCPA in any way.

21. Synchrony denies the allegations of this paragraph and denies that it violated the TCPA in any way.

22. Synchrony denies the allegations of this paragraph and denies that it violated the TCPA in any way.

23. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations of this paragraph and denies that it violated the TCPA in any way.

24. Synchrony denies the allegations of this paragraph and denies that it violated the TCPA in any way.

///

DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES

## CLAIM FOR RELIEF

25. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations of this paragraph, denies that it violated the TCPA in any way, and denies the use of an ATDS as that or similar terms are defined by the TCPA.

26. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations of this paragraph, denies that it violated the TCPA in any way, and denies the use of an ATDS as that or similar terms are defined by the TCPA.

## PRAYER FOR RELIEF

Synchrony denies the allegations in paragraph entitled "Prayer for Relief," denies that Synchrony violated the TCPA in any way, denies that Plaintiff suffered any damages, denies that Plaintiff is entitled to the relief which Plaintiff seeks, and denies that Plaintiff is entitled to any relief whatsoever from Synchrony.

## JURY DEMAND

In response to the unnumbered paragraph entitled "Demand for Jury Trial," Synchrony states that this paragraph is a demand by the Plaintiff for a jury trial, to which no response is required.

## DEFENSES[2]

## FIRST DEFENSE

(Arbitration)

Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account and Synchrony reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

---

[2] Synchrony does not concede that it bears the burden of proof in regard to any of its Defenses.

DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES

## SECOND DEFENSE

(Fault of Others)

If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of others, including but not limited to Plaintiff, and not by Synchrony.

## THIRD DEFENSE

(Waiver)

Plaintiff, by reason of his own actions and conduct, is barred from recovery on the grounds that Plaintiff has waived whatever rights he may have had to assert the claims alleged in the Complaint.

## FOURTH DEFENSE

(Compliance with Law)

Synchrony met or exceeded the requirements of all applicable statutes, laws, regulations, and standards applicable to Synchrony.

## FIFTH DEFENSE

(Estoppel)

Plaintiff's claims are barred by the equitable doctrine of estoppel.

## SIXTH DEFENSE

(Statute of Limitations / Laches)

Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and/or the doctrine of laches.

## SEVENTH DEFENSE

(Justification)

Each and every act of Synchrony complained of in this Complaint was justified, proper, legal, fair, and not done in degradation of Plaintiff's rights or legal interests.

DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES

### EIGHTH DEFENSE

(Bona Fide Error)

Although Synchrony denies any liability in this matter, Synchrony contends that any alleged acts or omissions of Synchrony giving rise to Plaintiff's claims are the result of innocent mistake and/or bona fide error despite reasonable procedures implemented by Synchrony. Synchrony acted in a reasonable manner in connection with the transactions at issue in this action.

### NINTH DEFENSE

(Good Faith Conduct)

Synchrony at all times acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Synchrony.

### TENTH DEFENSE

(Lack of Causation)

The damages complained of were the result of the intervening actions of others and were not proximately caused by the actions or omissions of Synchrony.

### ELEVENTH DEFENSE

(Lack of Malice)

Synchrony specifically denies acting with any willfulness, oppression, fraud, or malice towards Plaintiff or others.

### TWELFTH DEFENSE

(No Damages / Speculative Damages)

Plaintiff suffered no actual damages and any damages claimed by Plaintiff in the Complaint are speculative and, therefore, cannot be recovered.

### THIRTEENTH DEFENSE

(Failure to Mitigate Damages)

Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate his alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES

## FOURTEENTH DEFENSE

(Justifiable Reliance)

Although Synchrony denies any liability in this matter, Synchrony contends that any alleged acts or omissions of Synchrony giving rise to Plaintiff's claims are the result of justifiable reliance on representations and/or information received from Plaintiff and/or other individuals and/or entities.

## FIFTEENTH DEFENSE

(Set-off and/or Recoupment)

Plaintiff's damages, if any, are barred to the extent Synchrony is entitled to set-off and/or recoupment for amounts owed by Plaintiff to Synchrony.

## SIXTEENTH DEFENSE

(No injury / no standing)

Plaintiff's claims may be barred in whole or in part because the Plaintiff has suffered no actual injury and therefore has no standing to bring a statutory claim. *See Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015) (granting certiorari in the question of whether Congress may confer Article III standing upon a plaintiff who suffers no actual harm and, therefore could not otherwise invoke the jurisdiction of a federal court, by authorizing a private right of action based on a bare violation of a federal statute.)

## SEVENTEENTH DEFENSE

(Consent / irrevocability)

Plaintiff's claims are barred because Plaintiff gave her prior express consent to receive calls as part of her credit card agreement. Plaintiff cannot unilaterally revoke her consent to receive calls to her cellular telephone with an automated dialing system or prerecorded voice, which he provided in her contract with Synchrony. *Reyes v. Lincoln Automotive Financial Services*, No. 16-2104 (2d Cir. 2017).

## OTHER DEFENSES

Synchrony has insufficient knowledge or information upon which to form a belief as to whether additional, as yet unstated, defenses are available. Synchrony expressly

reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

**WHEREFORE,** Synchrony requests judgment against Plaintiff dismissing the Complaint with prejudice, and awarding costs of suit, including attorneys' fees, and all other relief this Court may deem just and equitable.

DATED:  June 10, 2021    REED SMITH LLP

By: */s/ Steven P. Warner*
    Steven P. Warner
    Attorneys for Defendant
    SYNCHRONY BANK

DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES