Jakub J. Madej
415 Boston Post Rd, Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

JAKUB MADEJ,

    Plaintiff,

  v.

PAYPAL CREDIT d/b/a PAYPAL, INC.,

    Defendant.

Case No. 21-cv-02713-SVK

**PLAINTIFF'S MOTION TO STRIKE DEFENDANT PAYPAL CREDIT'S INSUFFICIENT DEFENSES, AND MEMORANDUM IN SUPPORT**

Fed. R. Civ. P. 12(f)

Date:  July 13, 2021 at 10:00 am
Court:  6, 4th Floor; or on Zoom
Judge:  Hon. Susan van Keulen

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on July 13, 2021, at 10:00am, or as soon thereafter as the matter may be heard, before the Honorable Susan van Keulen, United States Magistrate Judge at the United States District Court for the Northern District of California, in Courtroom 6, 4th Floor of the San Jose Federal Courthouse, located at 280 South 1st Street, San Jose, CA 95113, or over the Zoom videoconference, Plaintiff Jakub Madej will and hereby does move the Court to strike defendant eighteen affirmative defenses from defendant PayPal Credit's answer.

This motion is made pursuant to Federal Rule of Civil Procedure 12(f), on the grounds that the claimed defenses are insufficient (i) as a matter of law, that is, they are legally invalid under the facts of this case; and (ii) as a matter of pleading, that is, they are inadequately or deficiently raised in defendant's papers.

This motion is based upon the Notice of Motion, the following Memorandum, all other pleadings and papers on file, and such other arguments and other materials as may be presented to the Court before this Motion is taken under submission or decided.

# TABLE OF CONTENTS

NOTICE OF MOTION ................................................................................................ 2

TABLE OF AUTHORITIES ...................................................................................... 5

INTRODUCTION ........................................................................................................ 8

FACTS ........................................................................................................................... 8

THE LAW ...................................................................................................................... 9

ARGUMENT ............................................................................................................... 11

    A.    Refusals to respond to "conclusions of law" ................................... 11

    B.    "Concession" and denials of facts no reasonable minds could dispute. .... 12

    C.    First Defense (Arbitration) ................................................................ 12

    D.    Second Defense (Fault of Others) ..................................................... 13

    E.    Third Defense (Waiver) ..................................................................... 14

    F.    Fourth Defense (Compliance with Law) ......................................... 14

    G.    Fifth Defense (Estoppel) .................................................................... 15

    H.    Sixth Defense (Statute of Limitations / Laches) ............................ 16

    I.    Seventh Defense (Justification) ........................................................ 16

    J.    Eighth Defense (Bona Fide Error) .................................................... 17

    K.    Ninth Defense (Good Faith Conduct) .............................................. 17

    L.    Tenth Defense (Lack of Causation) .................................................. 17

    M.    Eleventh Defense (Lack of Malice) ................................................... 18

    N.    Twelfth Defense (No Damages / Speculative Damages) ............... 18

    O.    Thirteenth Defense (Failure to Mitigate Damages) ....................... 18

P.      Fourteenth Defense (Justifiable Reliance) ........................................................ 19

Q.      Fifteenth Defense (Set-off and/or Recoupment) ............................................. 19

R.      Sixteenth Defense (No injury / no standing) .................................................... 20

S.      Seventeenth Defense (Consent / irrevocability) ............................................. 20

T.      Other Defenses ................................................................................................... 21

U.      An award of attorneys' fees. ............................................................................. 21

V.      Resulting prejudice ............................................................................................ 21

CONCLUSION ................................................................................................................ 22

— 4 —

Plaintiff's Motion to Strike Defendant PayPal Credit's Insufficient Defenses, and Memorandum in Support
Case No. 21-cv-02713-SVK

1

2

# **TABLE OF AUTHORITIES**

**CASES**

3

4

*Barnes v. AT&T Pension Ben. Plan-Nonbargained Program,*
    718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) .................................................. 10

5

6

*CTF Dev., Inc. v. Penta Hosp., LLC,*
    2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) ......................................... 10

7

8

*Equal Emp't Opportunity Comm'n v. Waffle House, Inc.,*
    534 U.S. 279, 280 (2002) ................................................................................... 12

9

10

*Fed. Deposit Ins. Corp. v. Main Hurdman,*
    655 F. Supp. 259, 262 (E.D. Cal. 1987) ............................................................ 14

11

12

*G & G Closed Cir. Events, LLC v. Nguyen,*
    2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) ........................................ 14

13

14

*Ganley v. Cty. of San Mateo,*
    2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007) ....................................... 9, 11

15

16

*Goobich v. Excelligence Learning Corp.,*
    2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (Davila, E.) ..................... 10

17

18

*Hart v. Baca,*
    204 F.R.D. 456, 457 (C.D. Cal. 2001) ............................................................... 10

19

20

*Hartford Underwriters Ins. Co. v. Kraus USA, Inc.,*
    313 F.R.D. 572, 574 (N.D. Cal. 2016) ............................................................... 10

21

22

*J & J Sports Prods., Inc. v. Terry Trang Nguyen,*
    2012 WL 1030067, at *1 (N.D. Cal. Mar. 22, 2012) ......................................... 10

23

24

*J&J Sports Productions v. Mendoza-Govan,*
    2011 WL 1544886, at *3 (N.D. Cal. Apr. 25, 2011) (Alsup, W.) ..................... 19

25

26

*Lane v. Page,*
    272 F.R.D. 581, 602 (D.N.M. 2011) .................................................................. 11

27

28

— 5 —

Plaintiff's Motion to Strike Defendant PayPal Credit's Insufficient Defenses, and Memorandum in Support
Case No. 21-cv-02713-SVK

*Microsoft Corp. v. Jesse's Computers & Repair, Inc.*,
   211 F.R.D. 681, 683 (M.D. Fla. 2002) ................................................................ 11

*Multimedia Patent Tr. v. Microsoft Corp.*,
   525 F. Supp. 2d 1200, 1210 (S.D. Cal. 2007) ...................................................... 13

*Purex Corp., Ltd. v. Gen. Foods Corp.*,
   318 F. Supp. 322, 323 (C.D. Cal. 1970) .............................................................. 10

*Qarbon.com Inc. v. eHelp Corp.*,
   315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ............................................... 10, 15

*Rosal v. First Federal Bank of California*,
   671 F. Supp. 2d 1111, 21 (N.D. Cal. 2009) ......................................................... 15

*Sec. People, Inc. v. Classic Woodworking, LLC*,
   2005 WL 645592, at *3 (N.D. Cal. Mar. 4, 2005) ................................................. 9

*Snow Covered Cap., LLC v. Weidner*,
   2019 WL 6719526, at *3 (D. Nev. Nov. 22, 2019) .......................................... 16, 21

*Solis v. Zenith Cap., LLC*,
   2009 WL 1324051, at *5 (N.D. Cal. May 8, 2009) ........................... 14, 15, 16, 20

*Springer v. Fair Isaac Corp.*,
   2015 WL 7188234, at *5 (E.D. Cal. Nov. 16, 2015) ........................................... 18

*State Farm Mut. Auto. Ins. Co. v. Riley*,
   199 F.R.D. 276, 278 (N.D. Ill. 2001) ............................................................ 11, 15

*United States v. King Features Entm't, Inc.*,
   843 F.2d 394, 399 (9th Cir. 1988) ....................................................................... 13

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097, 1106 (9th Cir. 2003) ................................................................... 13

*Waste Mgmt. Holdings, Inc. v. Gilmore*,
   252 F.3d 316, 347 (4th Cir. 2001) ....................................................................... 11

— 6 —

Plaintiff's Motion to Strike Defendant PayPal Credit's Insufficient Defenses, and Memorandum in Support
Case No. 21-cv-02713-SVK

*Wyshak v. City National Bank,*
    607 F.2d 824, 827 (9th Cir. 1979) ......................................................................... 13

**STATUTES**

47 U.S.C. § 227 ...................................................................................................... 8, 16

47 U.S.C. § 227(a)(3)(A)-(C) ..................................................................................... 17

**OTHER AUTHORITIES**

Black's Law Dictionary (11th ed. 2019)............................................................. 14, 16

— 7 —

Plaintiff's Motion to Strike Defendant PayPal Credit's Insufficient Defenses, and Memorandum in Support
Case No. 21-cv-02713-SVK

## INTRODUCTION

This is a factually uncomplicated individual TCPA case. Plaintiff's theory is simple: defendant PayPal made 40 unauthorized calls to plaintiff's personal phone in November and December 2020, knowingly violating the statute. PayPal was served with process two months ago. To date, PayPal refused to answer most allegations in the complaint (14 of 26); brought eighteen affirmative defenses, each without factual support or legally unavailable under the facts of the case; and even denied that plaintiff is a "natural person". Further, PayPal denied that this Court, as a federal court, has subject-matter jurisdiction arising from federal laws. Effectively, PayPal articulates every imaginable statement that sounds to an untrained ear like a sophisticated defense – but, upon consideration, conveys precisely nothing. As this case proceeds to discovery, plaintiff has no idea what legal and factual issues PayPal intends to dispute. An answer should serve to narrow such issues and identify the crux of the dispute at hand; but here, PayPal's answer serves only for delay and prejudice.

The Court should strike all of PayPal's defenses as insufficient, and hold that PayPal forever waived the right to bring them in this litigation.

## FACTS

On April 15, 2021, Plaintiff Jakub Madej filed a complaint alleging that Pay-Pal Credit placed between November 17 and November 29, 2020 at least 40 separate unauthorized "robocalls" to his personal phone number without obtaining, or intending to obtain, his prior express consent to contact him by phone. *Complaint*, DE 1, ¶¶ 12-16. PayPal transmitted the prerecorded messages using more than 20

phone numbers to avoid detection and disguise the scale of its operations. ¶ 19. This misleading conduct, according to the complaint, is part of regular business strategy: PayPal failed to maintain a Do Not Call policy required by law, ¶ 23, and intentionally anonymized the calls. ¶ 14. All in all, PayPal knew that its calls willfully and knowingly violated the Telephonic Communications Protection Act, 47 U.S.C. § 227, thus entitling plaintiff to recovery. ¶¶ 21-26.

As its answer was coming due, PayPal informally requested a 28 days' extension to answer the complaint. A stipulation to that effect followed, DE 11, setting the answer due date for June 10, 2021. PayPal[1] filed its answer, which this motion is about, on June 10. DE 15.

The Court set an initial case management conference for July 13, in about a month. DE 14.

### THE LAW

Federal Rule of Civil Procedure 12(f) authorizes the court to strike insufficient, redundant, and immaterial defenses, which the defendant must have expressed in "short and plain terms". Fed. R. Civ. P. 8(b). A defense may be insufficient in two ways: as (a) a matter of pleading; or (b) a matter of law. *Sec. People, Inc. v. Classic Woodworking, LLC*, 2005 WL 645592, at *3 (N.D. Cal. Mar. 4, 2005)

---

[1] At some point, counsel informed plaintiff that PayPal Credit is now fully owned by Synchrony Financial Inc., known in some jurisdictions as Synchrony Bank, and not by PayPal. "PayPal Credit" thus appears to be a brand that lacks a legal personality. Upon further consideration, plaintiff does not dispute these assertions, and would not oppose amending the caption to substitute "Synchrony" for "PayPal Credit". These technicalities, however, have little bearing on the merits of this case, or of this motion. As a matter of consistency, this motion will now refer to "Synchrony", not "PayPal".

(Chesney, M.) (explaining the distinction). "In the Ninth Circuit, motions to strike are proper, even if the material is not prejudicial to the moving party, if granting the motion would make trial less complicated or otherwise streamline the ultimate resolution of the action". *Ganley v. Cty. of San Mateo*, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007) (Henderson, T.) (striking 14 defenses). Deleting insufficient defenses before trial saves time and money, and speeds up the ultimate resolution of the case. *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 574 (N.D. Cal. 2016) (Corley, J.) (striking 11 defenses), citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). Parties should focus on the "real issues" of the case, and not litigate spurious issues of no essential importance. *Id*. Defenses invalid as a matter of law should in particular be deleted as early as possible. See, e.g., *Purex Corp., Ltd. v. Gen. Foods Corp.*, 318 F. Supp. 322, 323 (C.D. Cal. 1970) (striking the defenses); *Hart v. Baca*, 204 F.R.D. 456, 457 (C.D. Cal. 2001) (same).

**As for pleading insufficiency**, a properly pled defense must thus contain sufficient factual matter to state a defense that is "plausible on its face". *Goobich v. Excelligence Learning Corp.*, 2020 WL 1503685, at *2 (N.D. Cal. Mar. 30, 2020) (Davila, E.) (this District generally applies the plausibility regime of *Twombly* and *Iqbal* to affirmative defenses; *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) (Patel, M.) (collecting cases). A defense must have a "valid factual basis" – "some conjecture that it may somehow apply" doesn't suffice. *Id.* Applying this standard helps weed out the oft-employed tactic of listing boilerplate mostly irrelevant affirmative defenses. *Id*. Defenses pleaded "in perfunctory fashion, without any supporting factual allegations" are insufficient. *CTF Dev., Inc. v. Penta Hosp., LLC*, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) (Alsup, W.) (striking affirmative defenses that failed to

— 10 —

provide a fair notice). General references to a legal doctrine are also not a sufficient defense. *Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (Ware, J.) (striking such defenses); *J & J Sports Prods., Inc. v. Terry Trang Nguyen*, 2012 WL 1030067, at *1 (N.D. Cal. Mar. 22, 2012) (Ware, J.) (same); *Goobich*, 2020 WL 1503685, at *2 (same).

**As for legal insufficiency,** courts found defenses legally invalid when they were "patently frivolous" on the face of the pleading, clearly invalid as a matter of law, or had no chance of success. See, e.g., *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002); *Ganley*, 2007 WL 902551, at *1 (defenses that "under no set of circumstances could succeed" should be stricken). Legally invalid defenses confuse the parties and the court and should be excised from the pleadings. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001).

## **ARGUMENT**

### A.   **Refusals to respond to "conclusions of law".**

Synchrony refuses to answer fourteen allegations[2] on the ground that they are "conclusions of law". On that basis, Synchrony feels entitled to silence.

Synchrony may not so swap legalese for a "short and plain" answer. A defendant "must respond to *all* of a plaintiff's allegations" *Lane v. Page*, 272 F.R.D. 581, 602 (D.N.M. 2011) (collecting cases) (emphasis added). Only three types of answers are allowed: "(1) admission; (2) denial; or (3) a disclaimer statement in compliance with Rule 8(b)'s provision for lack of knowledge or information, which

---

[2] These allegations can be found in paragraphs 4, 5, 6, 7, 8, 9, 10, 13, 16, 17, 20, 23, 25, and 26.

— 11 —

Plaintiff's Motion to Strike Defendant PayPal Credit's Insufficient Defenses, and Memorandum in Support
Case No. 21-cv-02713-SVK

is deemed a denial." *Id*. at 603. "Legal conclusions" are no exception; they must be answered in one of three permissible ways. *Id*. Court, whenever asked, found the self-serving "legal conclusions" non-answers inappropriate under the Federal Rules. *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 278 (N.D. Ill. 2001) (claiming such a disclaimer "of course" violates Rule 8(b)). In Judge Shadur's to-the-point language, lawyers guilty of using this tactics are "[a]nother regular of-fender[s]". *Id*. The present case is yet another attempt at this offense, and this Court should not countenance it.

**B.    "Concession" and denials of facts no reasonable minds could dispute.**

Synchrony further proceeds by its own rules and claims that it doesn't "bear[] the burden of proof in regard to any of its Defenses". *Answer* at 5, n. 2. (If Synchrony doesn't bear the burden of proof on its defenses, who does?). No rea-sonable counsel can make such a representation in good faith, just as no reasonable counsel can disagree that Northern District of California is a federal court that has jurisdiction arising from laws of the United States. But Synchrony outright makes these fundamentally untruthful statements . This is quintessential textual harass-ment, which ought not to be tolerated. This Court should grant any relief it be-lieves is just and proper to curtail such conduct in this case and all the other cases, particularly those where plaintiffs lack the benefit of counsel, and may easily be misled by spurious legal propositions.

**C.    First Defense (Arbitration)**

Synchrony states that some claims "may be" subject to arbitration, and tries to reserve the right to arbitrate.

Plaintiff's Motion to Strike Defendant PayPal Credit's Insufficient Defenses, and Memorandum in Support
Case No. 21-cv-02713-SVK

At a minimum, Synchrony has not pled that a valid agreement to arbitrate exists. There can be no arbitration unless parties agreed to arbitrate; the Federal Arbitration Act does not require parties to arbitrate when they have not agreed to do so. *Equal Emp't Opportunity Comm'n v. Waffle House, Inc.*, 534 U.S. 279, 280 (2002). Here, Synchrony does not claim that parties ever entered into any agreement, let alone an arbitration agreement. Synchrony merely tries to reserve a right to compel arbitration based on some unspecified "terms and contract", whose details are nowhere to be found in Synchrony's answer. As currently stated, this defense must be stricken.

## D.   Second Defense (Fault of Others)

Here, Synchrony accuses plaintiff – and unspecified "others" – of intentional misconduct, recklessness, and negligence. Synchrony declines to name the mysterious "others", and articulates no facts of the purported "misconduct". This statement doesn't give a "fair notice" of what Synchrony actually claims. *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (the defendant is obliged to give plaintiff a "fair notice" of his defenses).

Further, an affirmative defense that sounds in fraud must satisfy the heightened pleading standard of Rule 9(b), and Synchrony's doesn't. *Multimedia Patent Tr. v. Microsoft Corp.*, 525 F. Supp. 2d 1200, 1210 (S.D. Cal. 2007) (Rule 9(b) applies to affirmative defenses). The circumstances constituting the fraud must be described with particularity, requiring the pleader to articulate "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). Synchrony articulates none of these elements.

Its "defense" lacks any specificity. It is as insufficient as it is impertinent. It must be stricken.

## E.     Third Defense (Waiver)

Synchrony asserts, without more, that plaintiff waived whatever rights he had under the TCPA. "Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 399 (9th Cir. 1988). Synchrony has not alleged any facts that would support a defense of waiver. It doesn't say how, when, where, and how plaintiff supposedly waived his rights. It did not cite any authority supporting the position that one may waive her rights under TCPA at all. And it articulates no logic of what conduct could cause plaintiff to waive such rights. This defense is insufficient and should be stricken. *Solis v. Zenith Cap., LLC*, 2009 WL 1324051, at *5 (N.D. Cal. May 8, 2009) (Hamilton, P.) (striking an insufficient waiver defense).

## F.     Fourth Defense (Compliance with Law)

Synchrony believes that it met or "exceeded" what the law requires it to do. This general denial of plaintiff's allegations is not a valid affirmative defense. *G & G Closed Cir. Events, LLC v. Nguyen,* 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) (Koh, L.) (granting a motion to strike). An affirmative defense is a defendant's statement of facts and arguments extraneous to plaintiff' complaint that, if true, will defeat the plaintiff's claim, despite the allegations in the complaint are true. *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987). But it is logically impossible that Synchrony "willfully and knowingly violated

— 14 —

Plaintiff's Motion to Strike Defendant PayPal Credit's Insufficient Defenses, and Memorandum in Support
Case No. 21-cv-02713-SVK

TCPA" (complaint para 24) and, at the same time, "met … the requirements of all applicable statutes, laws, regulations." This bounds of this Court's reasoning are confined to two-valued logic. *Tertium not datur*. This defense should be forever stricken.

### G.    Fifth Defense (Estoppel)

Synchrony claims that "plaintiff's claims are barred by the equitable doctrine of estoppel". Estoppel is a defense in equity preventing one party from taking unfair advantage of another when, through false language or conduct, the person to be estopped has induced another person to act in a certain way, to the detriment of that party. Black's Law Dictionary (11th ed. 2019) (listing five essential elements of estoppel defense). Estoppel must be pled with the specific elements required to establish the defense. *Rosal v. First Federal Bank of California*, 671 F. Supp. 2d 1111, 21 (N.D. Cal. 2009) (Hamilton, P.) ("The party claiming estoppel must specifically plead all facts relied on to establish its elements.").

Here, Synchrony has not alleged any facts that would support a defense of equitable estoppel. It simply "mouth[s] [the estoppel defense] in formula-like fashion" and says nothing "apprising opposing counsel and this Court of the predicate for the claimed defense[.]" *State Farm*, 199 F.R.D. at 279 (striking such defenses). This legal conclusion is insufficient to survive a motion to strike. *Solis*, 2009 WL 1324051, at *6 (striking an insufficiently pled estoppel defense). Further, focusing on the language, Synchrony "does not specify what the defense is—whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel." *Qarbon.com*, 315 F. Supp. 2d 1049 (same). Striking this defense in unavoidable.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## H.     Sixth Defense (Statute of Limitations / Laches)

Synchrony avers that plaintiff's claims are barred by the applicable statute of limitations and laches.

Synchrony didn't adequately articulate the statute of limitation defense. It offers no discernible facts to suggest that a statute of limitations has passed, and did not even identify what the applicable statute of limitations is. Striking is una-voidable. *Solis*, 2009 WL 1324051, at *4 (striking an insufficiently pled statute of limitations defense); *Snow Covered Cap., LLC v. Weidner*, 2019 WL 6719526, at *3 (D. Nev. Nov. 22, 2019) (the statute of limitation defense that failed to cite a statute of limitations or identify a relevant period was stricken).

More worryingly, simple research proves that Synchrony's SoL defense never had any chances of success. The complaint precisely alleges when the calls were made – in November and December 2020. And the TCPA's statute of limita-tions is 4 years. 28 U.S.C. § 1658(a). This frivolous defense should be stricken forth-with.

Laches is a delay in asserting a right, or making an application for remedy, such as to bar its being granted. Synchrony's statement also failed to deliver plain-tiff a fair notice of how the doctrine of laches may apply here. What the purported delay is, and how it matters in this case? Synchrony doesn't not bother to say. This superfluous defense deserves deletion.

## I.     Seventh Defense (Justification)

Synchrony repeats that its actions were "justified, proper, legal, fair, and not done in degradation of Plaintiff's rights or legal interests". This is neither an

— 16 —

Plaintiff's Motion to Strike Defendant PayPal Credit's Insufficient Defenses, and Memorandum in Support
Case No. 21-cv-02713-SVK

affirmative defense nor a valid defense under the law, for the same reasons "compliance with the law" (F.) was not. The Court should also strike it.

## J.    Eighth Defense (Bona Fide Error)

This is neither a well-pled not a legally available defense. To state a sufficient defense, Synchrony would have to articulate what the "innocent mistake" is, who made it, when it was made, and why such a mistake would prevent recovery. But its answer does none of those things. Rather, Synchrony parrots the irrelevant and conclusory conclusion that "Synchrony acted reasonably". The TCPA statute doesn't distinguish reasonable and unreasonable violations. This superfluous defense should be deleted.

## K.    Ninth Defense (Good Faith Conduct)

Synchrony claims that it "acted in good faith and in accordance with reasonable commercial standards, thus precluding any recovery by Plaintiff against Synchrony." Arguments set forth in the previous paragraph apply here with equal force. The TCPA statute does not tolerate "commercially reasonable" violations. In this Court, Synchrony is subject to the laws as they are written, not to their "commercially reasonable" interpretation. The "good faith conduct" is not a valid defense under the law and the facts of this case, and should be stricken.

## L.    Tenth Defense (Lack of Causation)

Lack of causation, which Synchrony pleads here, merely denies plaintiff's claim. It is not an affirmative defense. Further, it cannot be logically true that Synchrony "made at least 40 calls" to plaintiff (complaint para 12), acted "in violation

— 17 —

of Title 47, United States Code, Section 227 (TCPA)" (para 25) but did not caused the violation or damages. As logically invalid defense as this one should be deleted – and never again made in court papers.

## M. Eleventh Defense (Lack of Malice).

Because malice is neither an element of nor a defense to TCPA violations, it is irrelevant whether Synchrony acted with malice. The complaint doesn't even allege Synchrony acted maliciously. The statute applies equally to all, also to those who claim – as Synchrony does here – that they "never did anything wrong". And, as before, general denials are not affirmative defenses. This defense is redundant. It should be stricken.

## N. Twelfth Defense (No Damages / Speculative Damages)

"[D]amages claimed by Plaintiff in the Complaint are speculative," Synchrony says. Generally, damages are speculative if they are "so uncertain to occur that they will not be awarded". Black's Law Dictionary (11th ed. 2019). Damages claimed in the complaint are as certain as death and taxes. The complaint alleges 40 violations of TCPA (para 25). The Act specifies the damages of $500 for each violation, and 3 times that amount for willful allegations. 47 U.S.C. § 227(a)(3)(A)-(C). Multiplying both numbers yields the sum of $80,000. Synchrony may deny that what plaintiff says is true, but it cannot deny that 40 times (500 plus 1,500) is 80,000.

## O. Thirteenth Defense (Failure to Mitigate Damages)

A TCPA consumer is under no duty to mitigate damages. *Springer v. Fair Isaac Corp.*, 2015 WL 7188234, at *5 (E.D. Cal. Nov. 16, 2015) (the Ninth Circuit hasn't spoken to this issue directly, but "the weight of available authority" indicates no duty to mitigate statutory damages in TCPA cases). Synchrony doesn't cite any caselaw stating otherwise. This defense is unavailable and should be stricken. *Springer*, supra (striking a failure to mitigate defense in a TCPA action).

## P.    Fourteenth Defense (Justifiable Reliance)

Synchrony claims that its violations resulted from "justifiable reliance" on information received from the plaintiff. This defense is insufficient as a matter of pleading. It doesn't explain what the claimed information is, how Synchrony relied on it, and how that reliance could exempt Synchrony from compliance with TCPA. When and how plaintiff communicated this "information" to Synchrony? Is there any authority that conveying such information can exempt the receiving party from liability under TCPA? Synchrony doesn't bother to say. Without more, these statements cannot succeed under *Twombly*. They lack in facts.

## Q.    Fifteenth Defense (Set-off and/or Recoupment)

Synchrony asserts that Plaintiff owes Synchrony some "amounts". On that basis, "plaintiff's damages are [supposedly] barred". But Synchrony doesn't even allege that it contracted with plaintiff ever before. The complaint likewise doesn't allege that Synchrony owes plaintiff any moneys, or *vice versa*. And even if it did, such claims would be extraneous and irrelevant to this case, which is only about Synchrony's repeated violations of TCPA, and not contractual matters. This irrelevant defense must be stricken.

### R.     Sixteenth Defense (No injury / no standing)

A valid defense must affirmatively state the facts and arguments why the plaintiff has no valid case, not merely what such facts "may be". Here, hiding underneath its cryptic language, Synchrony says nothing about whether plaintiff has standing to bring this action. It does not explain how *Spokeo* is applicable to this case. It does not supply any supporting facts showing how plaintiff lacks standing. And Synchrony's form answer appears not to have been updated in five years since the Supreme Court decided *Spokeo* – where the Court did *not* hold that a plaintiff who suffered "no actual injury … has no standing to bring a statutory claim," as Synchrony writes here. Striking is unavoidable. *J&J Sports Productions v. Mendoza-Govan*, 2011 WL 1544886, at *3 (N.D. Cal. Apr. 25, 2011) (Alsup, W.) (striking an affirmative defense that plaintiff lacked standing).

### S.     Seventeenth Defense (Consent / irrevocability)

Synchrony doesn't cite any provision of TCPA or caselaw to show that consent is a valid defense to plaintiff's allegations. And even if it did, Synchrony failed to state with particularity that plaintiff ever was in a "credit card agreement" in Synchrony, gave his "consent" – much less "prior express consent" – to receiving any calls. How and when did plaintiff expressed his consent, and how was it "express"? Synchrony doesn't even seem to know what plaintiff's gender is. Its language refers to "her" – but plaintiff is male, not female.

Synchrony failed, despite a month-long extension, to plead the facts of this defense in any reasonable detail. The Court should strike its remains with prejudice, thus disentitling Synchrony from any right to plead consent as a defense.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## T.     Other Defenses

Synchrony tries to reserve a right to assert further defenses in the future. Generally, one cannot reserve a right it does not have. And Synchrony doesn't have a right to assert another defenses later on. Adding any defenses would require leave of court under Rule 15. Such a request would be judged under appropriate standards, including the limitations set forth in Rule 12(b) and (h). Synchrony cannot avoid the requirements of Rule 15 by making its "magic" statement now.  This is not a proper affirmative defense. *Solis*, 2009 WL 1324051, at *7 (striking with prejudice such a "reservation of rights"). Thus, the Court should strike Synchrony's Concept's fifth affirmative defense with prejudice.

## U.     An award of attorneys' fees.

Synchrony demands an award of attorneys' fees – but doesn't say what would entitle it to such an award. The TCPA is not a fee-shifting statute and doesn't provide for recovery of attorneys' fees. Synchrony cites no caselaw or argument to the contrary. Plaintiff is left with no idea how Synchrony could recover any attorney's fees. *Snow Covered Cap*, 2019 WL 6719526, at *4 (striking a boilerplate demand for attorneys' fees). Synchrony cannot rewrite the statute that it finds inconvenient. This defense is insufficient both as a matter of law and as a matter of pleading. It should be stricken with prejudice.

## V.     Resulting prejudice

Synchrony's lack of diligence in responding to plaintiff's complaint is remarkable – and to plaintiff's prejudice. Two months into this case, the Court and

— 21 —

the plaintiff know nothing about Synchrony's position about any issues in this case. Synchrony has even denied the existence of federal courts' subject-matter jurisdiction.

This confusion-oriented strategy is not uncommon towards unrepresented plaintiffs, who usually – and understandably – lack expertise to distinguish meritorious claims and defenses from manipulative claims as Synchrony made here, for example, that it doesn't bear the burden of proving its defenses. Synchrony should not be allowed to benefit from this strategy, and this Court should take a vocal stance against it.

## **CONCLUSION**

Synchrony's eighteen affirmative defenses should be stricken with prejudice.

Dated:   June 14, 2021

Respectfully submitted,

By: /s/ Jakub Madej

Jakub J. Madej
415 Boston Post Rd Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I certify that I sent the foregoing Notice of Motion and Memorandum on June 14, 2021 to defendant's counsel by email to *Swarner@reedsmith.com*. Counsel will receive a notice of electronic filing (NEF) from the Court's CM/ECF e-filing system as well.

_/s/ Jakub Madej_____

Plaintiff's Motion to Strike Defendant PayPal Credit's Insufficient Defenses, and Memorandum in Support
Case No. 21-cv-02713-SVK