Steven P. Warner (SBN 159404)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile:+1 213 457 8080
Email: swarner@reedsmith.com

Attorneys for Defendant
Synchrony Bank

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

JAKUB MADEJ,

Plaintiff,

vs.

PAYPAL CREDIT d/b/a PAYPAL, INC.,

Defendant.

Case No. 4:21-cv-02713-YGR

[Hon. Yvonne Gonzalez Rogers]

**DEFENDANT SYNCHRONY BANK'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE AFFIRMATIVE DEFENSES**

Hearing Date: July 27, 2021
Time: 2:00 p.m.
Dept.: 1 – 4th Floor

Compl. Filed: April 15, 2021
Motion Filed: June 14, 2021

# TABLE OF CONTENTS


**Page**

I. INTRODUCTION ........ 1

II. PROCEDURAL HISTORY ........ 2

III. LEGAL STANDARD ........ 2

IV. ARGUMENT ........ 3

A. Plaintiff's Motion Is Premature ........ 3

B. Synchrony's Affirmative Defenses Give Plaintiff Sufficient Notice and Should not Be Stricken ........ 4

C. Synchrony's Answers Are Sufficient and Should not Be Stricken ........ 6

D. Footnote Number 2 of Synchrony's Answer Should not be Stricken ........ 7

E. Plaintiff Has not Identified any Prejudice Resulting from Synchrony's Affirmative Defenses ........ 7

F. In the Alternative, Synchrony Requests Leave to Amend its Answer and Affirmative Defenses ........ 8

V. CONCLUSION ........ 9


REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 2TheMart.com, Inc. Sec. Litig.*,
114 F. Supp. 2d 955 (C.D. Cal. 2000) .....3

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009).....5

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).....5

*Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*,
217 F. Supp. 2d 1028 (C.D. Cal. 2002) .....3, 4

*Colaprico v. Sun Microsystems, Inc.*,
758 F. Supp. 1335 (N.D. Cal. 1991) .....3

*Fabian v. LeMahieu*,
No. 4:19-cv-00054-YGR, 2020 U.S. Dist. LEXIS 109013 (N.D. Cal. June 19, 2020) .....5

*Fantasy, Inc. v. Fogerty*,
984 F.2d 1524 (9th Cir. 1993) .....3

*Fogerty v. Fantasy, Inc.*,
510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).....3

*G & G Closed Circuit Events, LLC v. Nguyen*,
No. 10-CV-00168-LHK, 2010 U.S. Dist. LEXIS 104980 (N.D. Cal. Sept. 23, 2010) .....5

*Kohler v. Flava Enterprises, Inc.*,
779 F. 3d 1016 (9th Cir. 2015) .....5

*McKinney-Drobnis v. Massage Envy Franchising, LLC*,
No. 16-cv-06450-MMC, 2017 U.S. Dist. LEXIS 52165 (N.D. Cal. Apr. 5, 2017).....5

*Perez v. Gordon & Wong Law Grp., P.C.*,
No. 11-CV-03323-LHK, 2012 U.S. Dist. LEXIS 41080 (N.D. Cal. Mar. 26, 2012) .....7

*Ramirez v. Ghilotti Bros.*,
941 F. Supp. 2d 1197 (N.D. Cal. 2013) .....9

*Ramos Oil Recyclers, Inc. v. AWIM, Inc.*,
No. 2:07-cv-00448-GEB-DAD, 2007 U.S. Dist. LEXIS 62608 (N.D. Cal. Aug. 15, 2007) .....6

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Rosen v. Masterpiece Mktg. Grp.*, LLC, 222 F. Supp. 3d 793 (C.D. Cal. 2016) ........ 5

*Salcer v. Envicon Equities Corp.*, 744 F.2d 935 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986) ........ 4

*Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079 (E.D. Cal. 2012) ........ 8

*Securities & Exchange Comm'n v. Sands*, 902 F. Supp. 1149 (C.D. Cal. 1995) ........ 2, 4, 8

*Solis v. Zenith Capital, LLC*, No. C 08-4854, 2009 U.S. Dist. LEXIS 43350 (N.D. Cal. May 8, 2009) ........ 3

*White v. Hansen*, No. C 05-784 SBA, 2005 U.S. Dist. LEXIS 43989 (N.D. Cal. July 27, 2005) ........ 5

*Wyshak v. City Nat'l Bank*, 607 F.2d 824 (9th Cir 1979) ........ 5

*Zody v. Microsoft Corp.*, No.: C-12-00942, 2013 U.S. Dist. LEXIS 80623 (N.D. Cal. June 7, 2013) ........ 9

**Rules**

Fed. R. Civ. P. 8(b) ........ 7

Fed. R. Civ. P. 8(b)(1) ........ 6

Fed. R. Civ. P. 12(f) ........ 7

**Other Authorities**

Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil, § 1381 (3d. ed. 2009) ........ 8

5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d, § 1382 07 (1990) ........ 3

5 Charles Wright & Arthur Miller, Federal Practice & Procedure § 1381 ........ 4

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Defendant Synchrony Bank, improperly named as PayPal Credit d/b/a PayPal, Inc. ("Synchrony"),[1] by and through its undersigned counsel, hereby makes its Opposition to Plaintiff's Motion to Strike Affirmative Defenses and, in support thereof, respectfully states:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff has filed a Motion to Strike Synchrony's Answer and Affirmative Defenses, seeking to strike all of Synchrony's defenses on grounds that they lack a "valid factual basis" or are "legally insufficient." Plaintiff argues that Synchrony must plead its affirmative defenses with specificity and citation to legal support. However, the applicable Federal Rule of Civil Procedure only requires a defendant to assert its defenses in "short and plain terms," which Synchrony has done. Synchrony need only give Plaintiff notice of the potential defenses, which Synchrony has done. Plaintiff's Motion unequivocally confirms that he is on notice of each affirmative defense, as Plaintiff has articulated what each defense would entail. Additionally, Plaintiff claims that fourteen of Synchrony's answers are "non-answers," as Synchrony identified the corresponding allegations as conclusions of law to which no response is required. Plaintiff makes this argument despite Synchrony then providing a definitive response to each conclusion of law allegation. Synchrony has responded directly to Plaintiff's allegations that Synchrony violated the TCPA.

Furthermore, Synchrony will shortly file a Motion to Compel Arbitration, based upon the binding arbitration provision contained in the credit card agreement between Synchrony and Plaintiff. Plaintiff has been notified of Synchrony's intentions to move this matter to arbitration and has been asked to consent to Synchrony's Motion to Compel Arbitration; Plaintiff has stated he would not consent. As will be set forth more fully in Synchrony's upcoming Motion to Compel Arbitration, Plaintiff's claims should

[1] The Parties have filed a Stipulated Motion to Substitute Synchrony Bank for Defendant PayPal Credit d/b/a PayPal, Inc.

be moved to arbitration, which will render the instant Motion moot.[2]

Binding arbitration aside, Plaintiff's motion is premature. This litigation is still in its infancy, as discovery dates and deadlines have not been set, and the initial case management conference has yet to have been held. Accordingly, Synchrony respectfully requests that the Court deny Plaintiff's Motion or in the alternative, permit Synchrony to amend its Answer and Affirmative Defenses.

## II. PROCEDURAL HISTORY

On April 15, 2021, Plaintiff filed a Complaint, alleging violations of the Telephone Consumer Protection Act ("TCPA"). ECF 1. On June 10, 2021, Synchrony filed its Answer and Affirmative Defenses. ECF 15. On June 14, 2021, Plaintiff filed the subject Motion to Strike ("Motion") to which Synchrony now makes this Opposition.[3] ECF 18. On June 15, 2021, this matter was reassigned to the Honorable Yvonne Gonzalez Rogers. ECF 22. Per the Order reassigning this matter, all hearing and trial dates were vacated but all briefing schedules for motions remained unchanged. *Id*. On June 21, 2021, Plaintiff re-noticed the hearing for the Motion for July 23, 2021. ECF 23. The parties filed a Stipulated Motion for Substitution of Party under Fed. R. Civ. P. 25(c) on June 22, 2021. Synchrony has filed a Notice of Pendency of Other Action or Proceeding concurrently with the instant opposition to Plaintiff's Motion.

## III. LEGAL STANDARD

Rule 12(f) provides that a court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." To show that a defense is "insufficient," "the moving party must demonstrate that there are no questions of fact, that any questions of law are clear and not in dispute, and that under no set of circumstances could the defense succeed." *Securities & Exchange*

---

[2] A Notice of Pendency of Other Action or Proceeding has also been filed by Synchrony in this matter per Local Rule 3-13.

[3] Prior to filing this Motion, Plaintiff made no attempt to meet and confer with Synchrony to try to resolve the issues he had with Synchrony's Answers and Affirmative Defenses so as to limit unnecessary expenditure of time and resources of both parties and the Court.



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Comm'n v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded . . . . 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (*citing* 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil 2d, § 1382, pp. 706– 07, 711 (1990)), *rev'd on other grounds by Fogerty v. Fantasy, Inc*., 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994).

"[M]otions to strike should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." *Colaprico*, 758 F. Supp. at 1339. Indeed, if "there is any doubt as to whether the allegations might be an issue in the action, courts will deny the motion." *In re 2TheMart.com, Inc. Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000).

Motions to strike affirmative defenses are especially disfavored "because of the limited importance of pleading in federal practice, and because [such motions] are often used as a delaying tactic." *Cal. Dep't of Toxic Substances Control v. Alco Pacific, Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002); *Colaprico v. Sun Microsystems, Inc.*, 758 F. Supp. 1335, 1339 (N.D. Cal. 1991). Motions to strike on the grounds of insufficiency have a "dilatory and often harassing character. Thus, even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party." *Solis v. Zenith Capital, LLC*, No. C 08-4854, 2009 U.S. Dist. LEXIS 43350, 7 (N.D. Cal. May 8, 2009).

## IV. ARGUMENT

### A. Plaintiff's Motion Is Premature

As a threshold matter, it is premature to grant Plaintiff's Motion. Deadlines for discovery have not yet been set and the initial case management conference is still to be conducted. ECF 4. Furthermore, this motion may be moot based upon Synchrony's upcoming Motion to Compel Arbitration.

Plaintiff "bears the burden of demonstrating that there is no question of fact or significant question of law that precludes assertion of the defense." *Alco Pacific*, 217 F. Supp. 2d at 1043. "Even when the defense presents a purely legal question . . . courts are very reluctant to determine disputed or substantial issues of law on a motion to strike; these questions quite properly are viewed as determinable only after discovery and a hearing on the merits." 5 Charles Wright & Arthur Miller, Federal Practice & Procedure § 1381, at pp. 800-01; *see also Sands*, 902 F. Supp. at 1166.

Here, this matter is soon to be moved to Arbitration or even possibly to another court. To the extent there is a discovery process, in arbitration or otherwise, this process may reveal facts that relate to some or all of Synchrony's defenses. Such discovery has not yet begun. In fact, discovery deadlines have not yet been determined and may need not be set by this Court as Plaintiff's claims are subject to arbitration. Thus, Plaintiff's Motion should be denied. *See Alco Pacific*, 217 F. Supp. 2d at 1044 (*citing Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), *vacated on other grounds*, 478 U.S. 1015 (1986)).

To the extent that Plaintiff wishes to pursue the arguments of this motion, he should be required to pursue those arguments after a determination has been made regarding the arbitrability of his claims, and after discovery in arbitration, or otherwise, is complete, so that both sides can evaluate what claims and defenses, if any, can and should be narrowed.

### B. Synchrony's Affirmative Defenses Give Plaintiff Sufficient Notice and Should not Be Stricken

Plaintiff asserts that Synchrony's affirmative defenses must meet the heightened standard under *Twombly* and *Iqbal*. Motion, p. 10. He also appears to assert that in advancing its defenses, Synchrony must also identify the entire legal foundation for each individual defense, either via statute or case law. *Id*.

Federal Rule of Civil Procedure 8 makes clear that a defendant is not required to provide detailed facts supporting each defense, but must simply alert the plaintiff of the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

existence of the issue. Courts have historically and routinely applied a simple fair notice pleading requirement to affirmative defenses. *See, e.g.*, *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir 1979) ("[t]he key to pleading an affirmative defense is to give the plaintiff fair notice of the defense"); *White v. Hansen*, No. C 05-784 SBA, 2005 U.S. Dist. LEXIS 43989, at *43 (N.D. Cal. July 27, 2005). ("Rule 12(f) motions to strike are generally not granted unless it is clear that the matter sought to be stricken could have no possible bearing on the subject matter of the litigation.'"); *Kohler v. Flava Enterprises, Inc.*, 779 F. 3d 1016, 1019 (9th Cir. 2015) (plaintiff had "fair notice" of an affirmative defense, which is all the pleading standard required.)

In *Twombly* and *Iqbal*, the United States Supreme Court clarified Rule 8(a)(2)'s short and plain statement requirement as it relates to a complaint. Specifically, the Court held that a plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Iqbal*, the Court explained that a claim has "facial plausibility" if the plaintiff pleads facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

However, neither *Twombly* nor *Iqbal* discussed whether their respective holdings apply to answers or affirmative defenses. Courts in this district have declined to extend the *Twombly*/*Iqbal* heightened pleading standard to affirmative defenses and instead have applied a fair notice pleading requirement. *See e.g. Fabian v. LeMahieu*, No. 4:19-cv-00054-YGR, 2020 U.S. Dist. LEXIS 109013, at *10-11 (N.D. Cal. June 19, 2020); *G & G Closed Circuit Events, LLC v. Nguyen*, No. 10-CV-00168-LHK, 2010 U.S. Dist. LEXIS 104980, at *3 (N.D. Cal. Sept. 23, 2010) (quoting *Wyshak*, 607 F.2d at 827); *McKinney-Drobnis v. Massage Envy Franchising, LLC*, No. 16-cv-06450-MMC, 2017 U.S. Dist. LEXIS 52165, at *21 (N.D. Cal. Apr. 5, 2017). Courts have found that "[r]equiring defendants to satisfy the *Twombly-Iqbal* pleading standard within twenty-one days of being served with a complaint neither accords with the language of Rules

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

8(c) and 12(f), nor appears just as a matter of policy." *Rosen v. Masterpiece Mktg. Grp.*, LLC, 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016).

Here, Synchrony has identified its affirmative defenses in short and plain terms, and has placed Plaintiff on fair notice as to each of its affirmative defenses, as required by the Rules and Plaintiff has not identified any basis to compel Synchrony to plead anything more. Accordingly, Plaintiff's Motion should be denied.[4]

**C. Synchrony's Answers Are Sufficient and Should not Be Stricken**

Next, Plaintiff argues that Synchrony's responses to the allegations contained in paragraphs 4-10, 13, 16-17, 20, 23, 25-26, of the Complaint, amount to non-answers as Synchrony "refuses to answer . . . on the ground that [the allegations] are 'conclusions of law.'" Motion, p. 11. He argues that Synchrony has "remained silent" in violation of Rule 8(b).

In responding to a complaint, a defendant need only answer allegations of fact. Fed. R. Civ. P. 8(b)(1). A defendant does not need to address conclusions of law. *Id.*; *see also Ramos Oil Recyclers, Inc. v. AWIM, Inc.*, No. 2:07-cv-00448-GEB-DAD, 2007 U.S. Dist. LEXIS 62608, at *5 (N.D. Cal. Aug. 15, 2007).

In responding to Plaintiff's Complaint, Synchrony identified that a number of allegations were not factual allegations but mere conclusions of law. As such, Synchrony identified these paragraphs as conclusions of law and then provided a response in accordance with the applicable rules of civil procedure. Answer, ¶¶ 4-10, 13, 16-17, 20, 23, 25-26. Notwithstanding that Synchrony had no obligation to substantively answer conclusions of law, it nevertheless answered the legal conclusions, stating "[t]o the extent a response is required, Synchrony **denies** the allegations." Answer, ¶¶ 4-10, 13, 16-17, 20, 23, 25-26. (emphasis added). As such, even though Synchrony had no obligation to address legal conclusions, it still fully complied with Rule 8(b)'s requirements. Plaintiff's characterization of these responses as non-answers

[4] To the extent the Court determines individual affirmative defenses should be addressed or more specifically detailed, Synchrony is willing to file an Amended Answer and Affirmative Defenses, as detailed *supra*.



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

is a gross mischaracterization. Synchrony did not simply rest on a declaration that Plaintiff's allegations were conclusions of law, but provided a clear denial in accordance with applicable rules regarding pleadings and responses. Fed. R. Civ. P. 8(b). Accordingly, Plaintiff's Motion should be denied.

**D. Footnote Number 2 of Synchrony's Answer Should not be Stricken**

In his Motion, Plaintiff argues that a single footnote contained in Synchrony's Answer is a wholly unreasonable assertion and amounts to a "denial of fact no reasonable minds could dispute." Motion, p. 12. Footnote 2 of Synchrony's Answer states, "Synchrony does not concede that it bears the burden of proof in regard to any of its Defenses." Answer, p. 5.

In support of his position, Plaintiff cites to no legal authority that such a statement should be stricken from a Defendant's Answer. Motion, p. 12. Answers and defense should only be stricken if they are redundant, immaterial, impertinent, or scandalous. *See* Fed. R. Civ. P. 12(f). Synchrony acknowledges that the burden of proof for affirmative defenses generally rests with the defendant, in the same way the burden of proof on a claim rests with Plaintiff. *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-CV-03323-LHK, 2012 U.S. Dist. LEXIS 41080, at *21 (N.D. Cal. Mar. 26, 2012). Notably, Synchrony did not limit this footnote to only affirmative defenses but the entire breadth of defenses encompassed in its Answer and Affirmative Defenses, which naturally includes the potential factual and legal insufficiency of Plaintiff's claims, wherein the burden of proof would rest with Plaintiff. *Id*. It is Synchrony's position that this footnote should not be stricken as redundant, immaterial, impertinent, or scandalous. However, should the Court disagree, Synchrony will provide a revised Answer clarifying the footnote as detailed *infra*.

**E. Plaintiff Has not Identified any Prejudice Resulting from Synchrony's Affirmative Defenses**

Finally, Plaintiff argues that he will be prejudiced if Synchrony's Answers and Affirmative Defenses are permitted. Motion, pp. 21-22. He complains that two months



REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

into the litigation, he knows "nothing about Synchrony's position about any issues in this case."[5] *Id*.

Many courts have held that, in the absence of any showing of prejudice by the moving party, a motion to strike can and should be denied. *Sanchez v. City of Fresno*, 914 F. Supp. 2d 1079, 1122 (E.D. Cal. 2012) (a showing of prejudice by the moving party must be made before granting the requested relief); *S.E.C. v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995) (same); Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure: Civil, § 1381 (3d. ed. 2009) ("even when technically appropriate and well-founded, Rule 12(f) motions often are not granted in the absence of a showing of prejudice to the moving party").

Here, what Plaintiff characterizes as a "confusion-oriented" strategy is simply the litigation process, which allows both parties to conduct discovery to investigate their respective claims and defenses. The passage of two months during the procedural infancy of litigation, is hardly sufficient to establish prejudice. And, nothing in Plaintiff's Motion substantiates any possible prejudice which Plaintiff has suffered or may suffer. Furthermore, Plaintiff's Motion may be entirely moot following a Motion to Compel Arbitration, and a removal to arbitration per the arbitration agreement between Synchrony and Plaintiff.

Because Plaintiff has not identified any possible prejudice as the result of Synchrony's Answers and Affirmative Defenses, his Motion should be denied.

### F. In the Alternative, Synchrony Requests Leave to Amend its Answer and Affirmative Defenses

Synchrony believes it has adequately pled facts to put Plaintiff on notice of its defenses and that it has sufficiently responded to the factual allegations of the complaint. Now that Synchrony has learned that Plaintiff will not consent to arbitration,

---

[5] Even a cursory review of Synchrony's Answer reveals that Synchrony included multiple direct responses to Plaintiff's allegations, demonstrating Synchrony's position about multiple issues. Answer, ¶¶ 3, 19, 21-22, 24-26. Synchrony has denied Plaintiff's allegations as they pertain directly to the alleged violations of the TCPA. *Id*.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Synchrony is in the process of preparing and filing a Motion to Compel Arbitration with this Court. While Synchrony can establish a clear basis to move this matter to arbitration, if the Court eventually disagrees for any reason and denies that Motion, and disagrees with respect to any of the defenses, Synchrony respectfully requests leave to amend.

"Where a court strikes an affirmative defense, leave to amend should be freely given so long as there is no prejudice to the moving party." *Ramirez v. Ghilotti Bros.*, 941 F. Supp. 2d 1197, 1205 (N.D. Cal. 2013); *Zody v. Microsoft Corp.*, No.: C-12-00942, 2013 U.S. Dist. LEXIS 80623, 19 (N.D. Cal. June 7, 2013) (Rodgers, Y) (applying a fair notice standard). Thus to the extent any of the affirmative defenses are stricken—although none should be—Synchrony is entitled to amend absent a showing of prejudice. Here, Plaintiff has not established any prejudice, and will not be prejudiced because no discovery has been conducted and this case is in its infancy.

Accordingly, Synchrony requests that Plaintiff's motion be denied, or in the alternative, Synchrony be given leave to amend its Answers and Affirmative Defenses after this Court makes a determination as to the arbitrability of Plaintiff's claims.

## V. CONCLUSION

For the reasons set forth above, Synchrony respectfully requests that the Court deny Plaintiff's Motion to Strike. Plaintiff has been placed on notice of Synchrony's possible defenses. Furthermore, this motion will likely be rendered moot based upon Synchrony's upcoming Motion to Compel Arbitration, or at the outside if this case should consolidated to the other pending matter. Alternatively, Synchrony respectfully requests that the Court permit Synchrony to amend its Answer and Affirmative Defenses after the Court makes a determination of the arbitrability of Plaintiff's claims.

Dated: June 28, 2021

REED SMITH LLP

By: */s/ Steven P. Warner*

Steven P. Warner
Attorneys for Defendant
SYNCHRONY BANK

REED SMITH LLP
A limited liability partnership formed in the State of Delaware