Steven P. Warner (SBN 159404)
REED SMITH LLP
355 South Grand Avenue, Ste 2900
Los Angeles, CA 90071-1514
T: (213) 457 8000
F: (213) 457 8080
Email: swarner@reedsmith.com
*Attorney for Defendant*

Jakub J. Madej (not barred)
THE TEMPORARY OFFICES OF JAKUB MADEJ
415 Boston Post Rd, Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com
*Plaintiff appearing in person*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## OAKLAND DIVISON

| | |
|---|---|
| JAKUB MADEJ,<br><br>                    Plaintiff,<br><br>          v.<br><br>SYNCHRONY FINANCIAL,<br><br>                    Defendant. | Case No. 21-cv-02713-YGR<br><br>**PARTIES' JOINT CASE MANAGEMENT STATEMENT**<br><br>Filed:   July 1, 2021 |

The parties submit this joint case management conference statement pursuant to Federal Rule of Civil Procedure 26(f) and this District's Civil Local Rule 16-9. The parties held discussions on June 17, 2021 by telephone, and continued their

1
2
3

correspondence over email and by letter. This report represents parties' best efforts
to frame this dispute for the Court.

4
5
6
7

1.  Jurisdiction and Service: The Court has subject-matter jurisdiction over
    plaintiff's claims under 28 U.S.C. § 1331 (federal question). No counter-
    claims have been filed. Personal jurisdiction or venue are not contested.
    All parties have been served.

8
9
10
11

Synchrony's Position: To the extent it applies to and effects jurisdiction,
Synchrony reserves the right to file a Motion to Compel Arbitration, pur-
suant to any arbitration agreement by and between Synchrony and Plain-
tiff.

12

2.  Facts:

13
14
15
16
17
18
19
20
21

Plaintiff's statement: This case arises from Synchrony Financial's — operat-
ing under the "PayPal Credit" brand — placing at least 40 separate unau-
thorized and disruptive "robocalls" to plaintiff's personal phone number
between November 17 and November 29, 2020 for unspecified commercial
purposes and without plaintiff's consent. Synchrony used prerecorded
messages, intentionally anonymized its calls, and dialed from more than
20 phone numbers to avoid detection. Plaintiff submits that Synchrony's
calls violated the Telephonic Communications Protection Act, 47 U.S.C. §
227, and that Synchrony regularly employs a violative tactics in contacting
consumers in violation of the Act.

22

Defendant's statement:

23
24
25
26
27

Synchrony's investigation into the underlying facts of this matter are not yet
complete, so it is not in a position to specifically address the Plaintiff's alle-
gations.  However, Synchrony denies the allegations generally, denies that
it violated the Telephone Consumer Protection Act ("TCPA") in any way,
denies that Plaintiff suffered any damages, and denies that Plaintiff is enti-
tled to any relief whatsoever from Synchrony.  Synchrony services multiple

— 2 —

credit card accounts for Plaintiff and any calls made to Plaintiff as related to those credit card accounts were specifically consented to by Plaintiff. Furthermore, Plaintiff did not convey proper revocation of that consent pursuant to the contract between Synchrony and Plaintiff or the TCPA.

3.  Legal Issues:

Plaintiff identified the following issues:
①  Whether Synchrony willfully or knowingly violated 47 U.S.C. § 227(b), or the regulations prescribed under that subsection;
②  Whether Synchrony maintains internal lists that include the phone numbers of consumers who have asked not to be called again; 47 C.F.R. § 64.1200(d)(3), (5), and (6);

Synchrony identified the following issues:
①  Whether Plaintiff has or can satisfy every element of each of his causes of action;
②  Whether Plaintiff has any cognizable damages as related to his claim for violation of the TCPA.

4.  Motions:

Plaintiff moved to strike certain affirmative defenses from Synchrony's answer. Synchrony filed an opposition, and plaintiff's reply is due on July 6. The motion has been noticed on the Court's Tuesday civil calendar for July 27, 2021. Plaintiff respectfully requests an opportunity to argue the motion.

| PLAINTIFF'S MOTION TO STRIKE [15] | June 10, 2021 |
| --- | --- |
| DEFENDANT'S RESPONSE [28] | June 28, 2021 |
| PLAINTIFF'S REPLY [TO BE FILED] | Due by July 6, 2021 |

Synchrony anticipates moving to compel arbitration under an arbitration agreement between Synchrony and Plaintiff. Plaintiff denies that the

— 3 —

claims in this case are arbitrable, that an agreement to arbitrate exists, and that he ever agreed to arbitrate any claims against Synchrony.

Synchrony's Position: In addition to the above, Synchrony has filed a Notice of Pendency of Other Action or Proceeding, identifying *Jakub Madej v. Synchrony Financial*, United States District Court for the Eastern District of New York, Case No.: 1:21-cv-01894-WFK-SJB, as a related matter.

5.    Amendment of Pleadings:

Plaintiff desires an opportunity to amend the complaint to amend the number of violative calls, should discovery reveal this number to be higher than currently pled.

Synchrony does not anticipate further amending in its pleadings, but reserves the right to request to do so if so warranted.

6.    Evidence Preservation:

Plaintiff's position: Plaintiff was unable – despite his best efforts – to elicit meaningful answers from Synchrony about preservation, sources of electronically stored information, or custodians of such information, as required by *ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer*. Plaintiff therefore has no knowledge if any relevant evidence has been preserved, or the extent to which Synchrony complied with its preservation obligations. Plaintiff does not know how Synchrony intends to search for ESI (whether through search terms or predictive coding/technology assisted review, etc.), whether this information has been collected, etc. E-discovery frequently poses problems, see *DR Distributors, LLC v. 21 Century Smoking, Inc.*, __ F. Supp. 3d __, 2021 WL 185082 (N.D. Ill. Jan. 19, 2021), and plaintiff is cautious not to hit an e-discovery snag, which might throw the entire schedule out the window.

— 4 —

1
2
3
4
5

<u>Synchrony's Position</u>: Synchrony has reviewed the Guidelines Relating to the Discovery of Electronically Stored Information.  Synchrony conveyed specifically to Plaintiff that it will preserve evidence information in accordance with these guidelines.  When Synchrony requested Plaintiff elaborate what specifically he would like to discuss regarding preservation or the ESI guidelines, he did not elaborate.

6
7

7.  <u>Disclosures</u>: Synchrony served its Initial Disclosures on June 24, 2021. Plaintiff served his on July 1, 2021.

8
9

8.  <u>Discovery</u>:

10
11
12
13

<u>Plaintiff's position</u>: Plaintiff has been unable – despite his best efforts – to elicit meaningful responses about ESI, including the form in which Synchrony stores the information, the identity of custodians, or Synchrony's data retention policies.

14
15
16
17

Plaintiff has propounded early Rule 34 requests to Synchrony, which are due 30 days after the Rule 26(f) conference, or by July 16, 2021. Plaintiff also propounded interrogatories to Synchrony on June 25, 2021. Answers to these interrogatories are due within 30 days of service, or by July 25, 2021.

18
19
20
21
22

Plaintiff seeks to learn the following facts (among others) in discovery:
①  When and how did Synchrony communicate with plaintiff by phone: how many times; using what numbers; for what purpose; who decided to place these calls; how they were made; the extent of human effort exerted in the process; what software was used; what message was played; etc.

23
24
25
26

②  How does Synchrony generally communicate with its retail customers by phone: does it use automated devices and prerecorded messages; what is the technical nature of such devices; what kind of human effort is involved in operating them; etc.

27

— 5 —

③     The extent to which Synchrony complies with TCPA: does Synchrony have an active Do Not Call policy; how does it train its employees regarding compliance with the Act; etc.

④     Whether Synchrony's executives, employees, or contractors knew that Synchrony's business practices are violating TCPA.

<u>Synchrony's Position</u>: Synchrony will engage in discovery in accordance with the applicable rules of civil procedure. If it becomes apparent during discovery that an e-discovery order is necessary, Synchrony agrees to coordinate with Plaintiff to submit a proposed E-Discovery Order for the Court's approval. Synchrony disagrees that the parties were "not successful in negotiation a stipulated e-discovery order," as no such negotiation was, from the perspective of the undersigned, attempted, nor is it clear such an order is necessary at this time.

Parties do not propose any limitations or modifications of the discovery rules. Parties were not successful in negotiation a stipulated e-discovery order. Plaintiff estimates that ESI will constitute a large portion of discovery in this case.

9.     <u>Class Actions</u>: Not applicable. This is not a class action.

10.     <u>Related Cases</u>: Plaintiff is prosecuting another TCPA case against "Synchrony Financial" in the Eastern District of New York; the caption is *Jakub Madej v. Synchrony Financial*, No. 1:21-cv-01894-WFK-SJB. Synchrony filed a notice of pending Notice of Pendency of Other Action under Local Rule 3-13, which is available at docket number 27. Plaintiff filed an opposition to that Notice, which is available at docket number 30.

11.     <u>Relief</u>:

Plaintiff seeks the following relief, as demanded in the complaint:

①     a declaration under 28 U.S.C. § 2201 finding Synchrony liable for violating TCPA, 47 U.S.C. § 227(b);

— 6 —

②    statutory damages of $500 for each violative call, for a total of $20,000;

③    a declaration finding that Synchrony willfully or knowingly violated TCPA;

④    treble damages of $1,500 for each violation, for a total of $60,000;

⑤    actual damages, in an amount to be proven at trial, for harassment and actual harm that resulted from Synchrony's violations;

⑥    an order enjoining Synchrony from committing further violations of TCPA.

Synchrony's investigation into the underlying facts of this matter is not yet complete, so it is not in a position to specifically address the filing of a counterclaim at this time.  Synchrony reserves the right to file any appropriate counter claim.

12.    <u>Settlement and ADR</u>: Parties continue to evaluate the possibility of settlement. Synchrony is willing to stipulate to Mediation pursuant to ADR Local Rule 3-5. Plaintiff does not oppose mediation but believes a settlement conference before a magistrate judge would be more productive.

   <u>Synchrony's Position</u>: Synchrony reserves the right to file a Motion to Compel Arbitration, in accordance with any arbitration agreement between Synchrony and Plaintiff.

13.    <u>Consent to Magistrate Judge For All Purposes</u>: Synchrony does not consent to have a magistrate judge hear this matter. See ECF 19.

14.    <u>Other References</u>: Not applicable. This case is not suitable for reference to a special master, or to a JPML panel.

15.    <u>Narrowing of Issues</u>: Parties do not believe that issues can be narrowed at this time, but they are open to discussions further into the case.

16.  <u>Expedited Trial Procedure</u>: Parties do not believe this case can be handled under the Expedited Trial Procedure of General Order 64, Attachment A.

17.  <u>Scheduling</u>:

Plaintiff proposes the following pretrial schedule:

| | |
|---|---|
| EXCHANGE OF INITIAL DISCLOSURES | July 9, 2021 |
| DEADLINE TO AMEND THE PLEADINGS: | July 30, 2021 |
| CLOSE OF FACT DISCOVERY | October 30, 2021 |
| DISPOSITIVE MOTIONS DUE | November 30, 2021 |
| TRIAL DATE SET | As soon thereafter as the Court's calendar permits |

Synchrony proposes the following pretrial schedule:

| | |
|---|---|
| EXCHANGE OF INITIAL DISCLOSURES: | July 9, 2021 |
| DEADLINE TO AMEND THE PLEADINGS: | September 30, 2021 |
| CLOSE OF FACT DISCOVERY: | February 28, 2022 |
| INITIAL EXPERT DISCLOSURES: | March 31, 2022 |
| REBUTTAL EXPERT DISCLOSURES: | May 9, 2022 |
| CLOSE OF EXPERT DISCOVERY: | June 6, 2022 |
| DEADLINE FOR FILING DISPOSITIVE MOTIONS: | July 12, 2022 |
| FINAL PRETRIAL CONFERENCE: | August 29, 2022 |
| TRIAL DATE: | September 28, 2022 |

18.  <u>Trial</u>: Plaintiff asked for a jury trial, and expects it to last 2 days, depending on the facts uncovered in discovery. Synchrony requests a bench trial, and estimates that a trial would take less than a day.

— 8 —

19.   <u>Disclosure of Non-party Interested Entities or Persons</u>: Both parties filed their certificates under Civil Local Rule 3-15.

20.   <u>Professional Conduct</u>: All counsel of record and the litigant appearing in person have reviewed the *Guidelines for Professional Conduct for the Northern District of California.*

21.   <u>Other matters:</u> Synchrony intends to bring a motion to compel arbitration. Plaintiff would oppose such a motion.

Respectfully submitted,

By: */s/ Steven Warner*
    Steven P. Warner (SBN 159404)
    REED SMITH LLP
    355 South Grand Avenue, Ste 2900
    Los Angeles, CA 90071-1514
    T: (213) 457 8000
    F: (213) 457 8080
    Email: swarner@reedsmith.com

    Attorney for Defendant

By: */s/ Jakub Madej*
    Jakub J. Madej (not barred)
    THE TEMPORARY OFFICES OF JAKUB MADEJ
    415 Boston Post Rd, Ste 3-1102
    Milford, CT 06460
    T: (203) 928-8486
    F: (203) 902-0070
    E: j.madej@lawsheet.com

    Plaintiff appearing in person

— 9 —