Jakub J. Madej (not yet barred)
THE TEMPORARY OFFICES OF JAKUB MADEJ
415 Boston Post Rd, Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND DIVISON

JAKUB MADEJ,

               Plaintiff,

    v.

SYNCHRONY FINANCIAL,

               Defendant.

Case No. 21-cv-02713-YGR

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION – MOTION TO STRIKE INSUFFICIENT AFFIRMATIVE DEFENSES**

Date:    July 27, 2021 at 2:00 pm
Court:   Zoom platform
Judge:  Hon. Yvonne Gonzalez Rogers

— 1 —

REPLY TO DEFENDANT'S OPPOSITION – PLAINTIFF'S MOTION TO STRIKE SYNCHRONY'S INSUFFICIENT DEFENSES
CASE NO. 21-CV-02713-YGR

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

# <u>TABLE OF CONTENTS</u>

TABLE OF CONTENTS ............................................................................................2

TABLE OF AUTHORITIES .....................................................................................3

INTRODUCTION .....................................................................................................5

    A.    The Court should strike Synchrony's defenses under *Twombly*................5

    B.    The Court can strike Synchrony's defenses under the fair notice standard, too...................................................................................................7

    C.    Synchrony's remaining arguments are unpersuasive. ...............................8

    D.    Request for oral argument. .......................................................................10

CONCLUSION .......................................................................................................10

CERTIFICATE OF SERVICE ...............................................................................12

# TABLE OF AUTHORITIES

### CASES

*Alexander v. Richardson-Merrell Inc.*,
    541 F. Supp. 93, 94 (S.D.N.Y. 1982) ............................................................................. 10

*Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*,
    718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010) ................................................................ 7

*Conley v. Gibson*,
    355 U.S. 41, 46 (1957) ....................................................................................................... 6

*Fabian v. LeMahieu*,
    2020 WL 3402800, at *1 (N.D. Cal. June 19, 2020) (Gonzalez Rogers, Y.) .............. 5

*G & G Closed Cir. Events, LLC v. Nguyen*,
    2010 WL 3749284 (N.D. Cal. Sept. 23, 2010) (Koh, L.) ............................................. 5

*Ganley v. County of San Mateo*,
    2007 WL 902551, *3 (N.D. Cal. Mar. 22, 2007) ............................................................ 8

*Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*,
    188 F. Supp. 3d 986, 994 n.2 (E.D. Cal. 2016) ............................................................. 8

*Harris v. Chipotle Mexican Grill, Inc.*,
    303 F.R.D. 625, 630 (E.D. Cal. 2014) ............................................................................. 7

Hartford Underwriters Ins. Co. v. Kraus USA, Inc.,
    313 F.R.D. 572, 576 (N.D. Cal. 2016) ............................................................................ 7

*Kelly v. Kosuga*,
    358 U.S. 516 (1959) ............................................................................................................ 9

*McKinney-Drobnis v. Massage Envy Franchising*, LLC,
    2017 WL 1246933 (N.D. Cal. Apr. 5, 2017) (Chesney, M.) ...................................... 5

*Perez v. Gordon & Wong L. Grp., P.C.*,
    2012 WL 1029425, at *7 (N.D. Cal. Mar. 26, 2012) ..................................................... 6

*Pertz v. Heartland Realty Invs., Inc.,*
    2020 WL 95636, at *1 (N.D. Cal. Jan. 8, 2020) (Breyer, C.) .......................................5

*Polk v. Legal Recovery L. Offs.,*
    291 F.R.D. 485, 491 (S.D. Cal. 2013) ..........................................................................7

*Ramirez v. Ghilotti Bros. Inc.,*
    941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013) .............................................................9

*Rosales v. Citibank, Fed. Sav. Bank,*
    133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001) .............................................................9

*Rosen v. Masterpiece Mktg. Grp., LLC,*
    222 F. Supp. 3d 793, 802 (C.D. Cal. 2016) .................................................................6

*Wyshak v. City Nat. Bank,*
    607 F.2d 824, 827 (9th Cir. 1979) ...............................................................................7

### RULES

Fed. R. Civ. P. 12(f) ...................................................................................................6

Fed. R. Civ. P. 8(c) ....................................................................................................6

1

### INTRODUCTION

2

On this motion, the Court is asked to decide two questions: what pleading

3

standard applies to each defense that Synchrony has articulated, and whether that

4

defense satisfy the applicable standard. Synchrony now argues that "fair notice" is

5

the standard, and that it has been met. Most judges in this District have held that

6

*Twombly* is the better standard; Synchrony neither questions their reasoning nor of-

7

fers an alternative rationale. Synchrony's defenses articulate no facts, and could not

8

survive under *Twombly*. In fact, these defenses are all mere references to legal doc-

9

trines, without an explanation how they apply to this case. Such defenses don't pro-

10

vide a "fair notice of the defense", as required by *Wyshak*, and the Court can strike

11

them under that lower "fair notice" standard as well.

12

13

### A.    The Court should strike Synchrony's defenses under *Twombly*.

14

"[T]he majority of courts in this district have held that the heightened plead-

15

ing standard of Twombly and Iqbal … is now the correct standard to apply to af-

16

firmative defenses". *Pertz v. Heartland Realty Invs., Inc.*, 2020 WL 95636, at *1 (N.D.

17

Cal. Jan. 8, 2020) (Breyer, C.) (citing cases that reached the same conclusion). Syn-

18

chrony maintains that "[c]ourts in this district have declined to extend the

19

Twombly/Iqbal heightened pleading standard to affirmative defenses", and cites

20

three cases in support of that proposition[1]. (page 5, lines 18-25[2]). An actually reading

21

_____

22

[1] These cases are (here with Westlaw citations): *McKinney-Drobnis v. Massage Envy Franchising*,

23

LLC, 2017 WL 1246933 (N.D. Cal. Apr. 5, 2017) (Chesney, M.); *G & G Closed Cir. Events, LLC v.*

*Nguyen*, 2010 WL 3749284 (N.D. Cal. Sept. 23, 2010) (Koh, L.); *Fabian v. LeMahieu*, 2020 WL

24

3402800, at *1 (N.D. Cal. June 19, 2020) (Gonzalez Rogers, Y.).

25

[2] 'Page' refers to the number in the bottom footer, not the one electronically inserted by CM/ECF.

1  of these three cases reveals that none discussed whether *Twombly* or *Iqbal* extends to

2  affirmative defenses, and none even cited either *Twombly* or *Iqbal*. To say that these

3  courts "declined to extend [the *Twiqbal*] standard to affirmative defenses" when

4  none of them discussed or considered this issue at all is, simply put, a false state-

5  ment of law.

6      Synchrony cannot credibly claim protection of *Rosen v. Masterpiece Mktg. Grp.,*

7  *LLC,* 222 F. Supp. 3d 793, 802 (C.D. Cal. 2016), the one case where Synchrony's brief

8  truthfully conveys what the court actually held. There, the court found arguments

9  favoring *Wyshak's* "fair notice" standard more persuasive because requiring defend-

10 ants to plead specific facts as required by *Twombly* within only 21 days after being

11 served doesn't accord with Rules 8(c) and 12(f). *Rosen* is readily distinguishable

12 from this case, for Synchrony had 50 days to answer[3]. In other words, Synchrony

13 cannot first ask for an extension (which plaintiff didn't oppose) and then claim it

14 didn't have enough time to plead specific facts.

15     There are good jurisprudential reasons why the Court should require Syn-

16 chrony's affirmative defenses to contain sufficient facts to state a defense "that is

17 plausible on its face." See generally *Perez v. Gordon & Wong L. Grp., P.C.*, 2012 WL

18 1029425, at *7 (N.D. Cal. Mar. 26, 2012) (discussing main reasons for applying

19 *Twombly* to affirmative defenses). *First*, there is no reason why the same principles

20 that apply to pleading claims for relief should not apply to pleading affirmative

21 defenses, when both activities are governed by parallel requirements under Rule

22 8. *Second*, the controlling standard of *Wyshak* was based on *Conley v. Gibson*, 355

23

24 ───────────────

25 [3] Service was completed on April 22, 2021. [dkt. 11, p. 1, line 11]. Synchrony filed its answer on June 10. [dkt. 15]

U.S. 41, 46 (1957), a decision Supreme Court conclusively retired. *Third*, applying the higher standard to defenses has a practical goal of discouraging and eliminating common but improvident practice whereby defendant plead an assortment of boilerplate defenses, many of them irrelevant to the claims asserted. *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1172 (N.D. Cal. 2010).

These reasons apply with great force here, and the Court should join the majority of courts that extended *Twiqbal* to applicable defenses.

**B.    The Court can strike Synchrony's defenses under the fair notice standard, too.**

This Court can also strike Synchrony's defenses for failure to provide a "fair notice of the defense" even without applying the heightened plausibility standard. Every affirmative defense must be pled in accordance with the principles articulated in *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979). Synchrony's defenses are mere referrals to legal doctrines, without setting forth their elements or any factual basis for their application. "[A] reference to a doctrine ... is insufficient notice." *Polk v. Legal Recovery L. Offs.*, 291 F.R.D. 485, 491 (S.D. Cal. 2013) (striking such defenses under the fair notice standard). "Put another way, mere reference to a legal doctrine is not a sufficient affirmative defense absent allegations of supporting facts." *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 576 (N.D. Cal. 2016) (citing cases) (striking such defenses as insufficiently pleaded). Allowing such defenses to stand conceivably poses a risk that plaintiffs will have to engage in futile discovery, among other consequences. *Harris v. Chipotle Mexican Grill, Inc.*, 303 F.R.D. 625, 630 (E.D. Cal. 2014). In fact, courts were initially inclined to extend

— 7 —

*Twiqbal* to affirmative defenses *because* defendants often pleaded a boilerplate listing of defenses that were irrelevant to the claims asserted. *Barnes*, 718 F. Supp. 2d at 1172. Scholars found this to be an anomaly as well, detracting the parties from a resolution on the merits[4].

Some courts went further and found that pleading affirmative defenses not warranted under the existing law or without any investigation into the underlying factual basis implicates Rule 11 concerns. *Ganley v. County of San Mateo*, 2007 WL 902551, *3 (N.D. Cal. Mar. 22, 2007) ("By including affirmative defenses which are neither warranted by existing law nor supported by evidence, counsel may find himself subject to sanctions under Rule 11."); *Gomez v. J. Jacobo Farm Lab. Contractor, Inc.*, 188 F. Supp. 3d 986, 994 n.2 (E.D. Cal. 2016) ("If a defendant can allege no facts in support of a defense, that defendant must not plead it.").

## C.   Synchrony's remaining arguments are unpersuasive.

Synchrony supplies a few additional arguments. The Court should not be persuaded by them.

*First*, Synchrony invites the Court to find that it provided plaintiff with fair notice because he "unequivocally confirms that he is on notice of each affirmative defense, as Plaintiff [in his motion to strike] has articulated what each defense would entail." (page 1, lines 14-15). At a threshold, the question for the Court is whether the defendant's pleading gave plaintiff fair notice of the defense, not whether plaintiff's understanding of the law was sufficient to understand the legal

---

[4] See, for example, *Note, Solving a Pleading Plague: Why Federal Courts Should Strike Insufficient Affirmative Defenses under the Twombly-Iqbal Plausibility Standard*, 61 Clev. St. L. Rev. 231 (2013).

— 8 —

doctrine claimed. The only thing that matters is the language in defendant's answer. In fact, under the Supreme Court's decision in *Kelly*, a ruling on a motion to strike affirmative defenses must be based on matters contained in the pleadings only. *Ramirez v. Ghilotti Bros. Inc.*, 941 F. Supp. 2d 1197, 1204 (N.D. Cal. 2013), citing *Kelly v. Kosuga*, 358 U.S. 516 (1959).

*Second*, Synchrony argues that motions to strike are generally disfavored. Such motions are not disfavored *per se*. They are disfavored "because they are often used as delaying tactics", and when filed for this purpose. *Rosales v. Citibank, Fed. Sav. Bank*, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). Here, plaintiff has nothing to gain from delay. To the contrary, he seeks to narrow the genuinely disputed issues, obtain discovery relevant to these issues, and proceed to trial "as soon … as the Court's calendar permits". See parties' proposed case management plan at docket entry 31[5]. In circumstances like these, courts don't hesitate to strike immaterial defenses. "[G]ranting the motion [to strike] would make trial less complicated or otherwise streamline the ultimate resolution of the action." *Ganley v. Cty. of San Mateo*, 2007 WL 902551, at *2 (N.D. Cal. Mar. 22, 2007). Overall, whether a motion to strike is appropriate depends on the factual context of the case, the intention of the moving party within the context of the entire litigation, and the quality of arguments put forth by the parties. Synchrony offered no cogent reason why striking immaterial claims from its answer could be disfavored or how plaintiff would benefit from a delay achieved by filing a motion to strike. Striking immaterial matter will accord with the principles under Rule 1 and contribute to a speedy and inexpensive

---

[5] Synchrony, on the other hand, would prefer to schedule a one-day bench trial in this individual TCPA case no sooner than in September 2022.

determination of this action.

*Third*, Synchrony's opposition brief has not even responded at all to Plaintiff's detailed breakdown of which affirmative defenses could be saved by amendment, conceding the issue. *Ramirez*, 941 F. Supp. 2d  at 1210 n. 7 (collecting cases).

### D.    Request for oral argument.

The Court appears to generously extend opportunities for oral argument to young lawyers. The undersigned is yet to become a full-blown lawyer but, in all likelihood, his career will lead there. Opportunities for oral advocacy are rare, especially for young or yet-to-be lawyers. If the Court finds it helpful, this opportunity would be greatly appreciated.

## CONCLUSION

Synchrony articulated eighteen statements that some court under some circumstances in some case could recognized as a defense, with no explanation how they apply to the facts of *this* case. It is precisely the approach Synchrony employed here that made "an answer the most useless paper in the courthouse". *Alexander v. Richardson-Merrell Inc.*, *54*1 F. Supp. 93, 94 (S.D.N.Y. 1982). Now Synchrony tries to save its futile statements with a brief that falsely (not just inaccurately) describe what courts have held, only to dress up its lost position. Synchrony doesn't seem to bother even to spell this Court's name correctly[6]. Striking Synchrony's unnecessary defenses will streamline this litigation. The Court should strike Synchrony's eighteen affirmative defenses with prejudice.

---

[6] Page 9, line 9.

Respectfully submitted,

Dated:   July 6, 2021.                    By: /s/ Jakub Madej
                                          Jakub J. Madej (in person)
                                          THE TEMPORARY OFFICES OF JAKUB MADEJ
                                          415 Boston Post Rd, Ste 3-1102
                                          Milford, CT 06460
                                          T: (203) 928-8486
                                          F: (203) 902-0070
                                          E: j.madej@lawsheet.com

REPLY TO DEFENDANT'S OPPOSITION – PLAINTIFF'S MOTION TO STRIKE SYNCHRONY'S INSUFFICIENT DEFENSES
CASE NO. 21-CV-02713-YGR

1

## **CERTIFICATE OF SERVICE**

2

     I certify that I filed the foregoing reply brief electronically via the Northern

3

District's CM/ECF e-filing system on July 6, 2021. All counsel will receive a notice

4

of electronic filing (NEF) from the Court's CM/ECF e-filing system.

5

                          /s/ Jakub Madej

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Reply to Defendant's Opposition – Plaintiff's Motion to Strike Synchrony's Insufficient Defenses
Case No. 21-cv-02713-YGR