Steven P. Warner (SBN 159404)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA  90071-1514
Telephone:   +1 213 457 8000
Facsimile:+1 213 457 8080
Email: swarner@reedsmith.com

Attorneys for Defendant
Synchrony Bank

*REED SMITH LLP*
*A limited liability partnership formed in the State of Delaware*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| JAKUB MADEJ, | Case No. 4:21-cv-02713-YGR |
| Plaintiff, | **DEFENDANT SYNCHRONY BANK'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a), OR IN THE ALTERNATIVE MOTION FOR STAY PENDING RESOLUTION OF OTHER LITIGATION; MEMORANDUM OF LAW** |
| vs. | |
| SYNCHRONY BANK, | |
| Defendant. | |

Date:      September 7, 2021
Time:     2:00 p.m.
Place:    Courtroom 1- 4th Floor
Judge:   Hon. Yvonne Gonzalez Rogers

Compl. Filed:   April 15, 2021

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

**TO JAKUB MADEJ, PLAINTIFF *PRO SE*:**

PLEASE TAKE NOTICE THAT on September 7, 2021, at 2:00 p.m., or as soon thereafter as counsel may be heard, before the Honorable Yvonne Gonzalez Rogers, located in Courtroom 1- 4th Floor, 1301 Clay Street, Oakland, CA 94612, Defendant Synchrony Bank ("Synchrony") will and hereby does move this Court for entry of an order dismissing this case for improper venue, or transferring this case to the United States District Court for the Eastern District of New York, or an order staying this matter until resolution of the lawsuit proceeding in the Eastern District of New York.

This Motion seeks an order dismissing this matter for improper venue, or alternatively, transferring this case under 28 U.S.C. § 1404(a) because two duplicative actions involve the same parties and same issues are pending before two federal courts.

This Motion also seeks, in the event the Court declines to dismiss or transfer, an immediate stay of all proceedings, pending a decision being rendered in the Eastern District of New York lawsuit, which substantially involves the same parties and the same issues. Defense counsel met and conferred with Plaintiff on June 23, 2021, requesting that Plaintiff dismiss this matter due to improper venue, or consent to transfer the matter to a more appropriate venue. Plaintiff refused. After the recent hearing with the Court on July 27, 2021, the Court directed the parties to again meet and confer on the issue of venue. Defense counsel conferred with Plaintiff the next day, July 28, 2021, requesting that Plaintiff stipulate to dismiss, transfer, or stay this matter. Plaintiff again refused and this Motion follows.

The Motion is based on this Notice of Motion and Motion, the accompanying memorandum of law, the declaration of Angel Nayman and exhibits thereto, the Proposed Order, all of the pleadings, files, and records in this proceeding, all other matters of which the Court may take judicial notice, and any argument or evidence that may be presented to or considered by the Court prior to ruling.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DATED:                              REED SMITH LLP

                                    By: */s/ Steven Warner*
                                        Steven P. Warner
                                        REED SMITH LLP
                                        Attorneys for Defendant
                                        Synchrony Bank

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...................................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND ..........................................1

LEGAL STANDARDS ...........................................................................................2

I.    Dismissal for Improper Venue ...................................................................2

II.   Transfer to More Appropriate Venue........................................................3

ARGUMENT ..........................................................................................................5

I.    This Case Should Be Dismissed Because Venue is Not Proper in this
      District ..........................................................................................................5

II.   Alternatively, This Matter Should be Transferred to the Eastern
      District of New York ...................................................................................6

III.  The Interests of Justice Favor the Eastern District of New York .........6

      A.    Local Interest in the Controversy....................................................6

      B.    The Ninth Circuit's "First-To-File" Rule Justifies a Transfer to the
            Eastern District of New York............................................................7

IV.   Plaintiff's Choice of Forum Is Entitled to Only Minimal
      Consideration................................................................................................8

V.    Convenience of the Witnesses....................................................................9

VI.   Transferring This Case Would Not Prejudice Plaintiff.......................10

VII.  Alternatively, This Matter Should Be Stayed Until Resolution of the
      New York Lawsuit ....................................................................................10

CONCLUSION .....................................................................................................11

DEFENDANT SYNCHRONY BANK'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER VENUE OR IN THE ALTERNATIVE MOTION TO  TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) OR IN THE ALTERNATIVE MOTION FOR STAY PENDING RESOLUTION OF OTHER LITIGATION; MEMORANDUM OF LAW
4:21-cv-02713-YGR

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Alltrade, Inc. v. Uniweld Products, Inc.*,
    946 F.2d 622 (9th Cir. 1991) ........................................................................ 4, 7, 11

*Atlantic Marine Const. Co., Inc. v. United States District Court*,
    571 U.S. 49 (2013) ................................................................................................ 3

*Barapind v. Reno*,
    225 F.3d 1100 (9th Cir. 2000) .............................................................................. 7

*Barnes & Noble, Inc. v. LSI Corp.*,
    823 F. Supp. 2d 980 (N.D. Cal. 2011) .................................................................. 4

*Church of Scientology of Calif. v. U.S. Dept. of Army*,
    611 F.2d 738 (9th Cir. 1979) ............................................................................ 4, 7

*CMAX, Inc. v. Hall*,
    300 F.2d 265 (9th Cir. 1962) .......................................................................... 10, 11

*Cohn v. Oppenheimer Funds, Inc.*,
    No. 09-cv-1656, 2009 WL 3818365 (S.D. Cal. Nov. 12, 2009) ........................... 6

*Critters of the Cinema, Inc. v. Nestle Purina Petcare Co.*,
    No. 16-cv-0123-AWI-JLT, 2016 WL 2990619 (E.D. Cal. May 24,
    2016) ................................................................................................................ 6, 9

*Ctr. for Biological Diversity v. Kempthorne*,
    No. 08-cv-1139, 2008 WL 4543043 (N.D. Cal. Oct. 10, 2008) ........................... 4

*Decker Coal v. Commonwealth Edison Co.*,
    805 F.2d 834 (9th Cir. 1986) ................................................................................ 6

*Fed Sav. & Loan Ins. Corp. v. Molinaro*,
    889 F.2d 899 (9th Cir. 1989) .............................................................................. 11

– ii –

DEFENDANT SYNCHRONY BANK'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER
VENUE OR IN THE ALTERNATIVE MOTION TO  TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) OR IN THE
ALTERNATIVE MOTION FOR STAY PENDING RESOLUTION OF OTHER LITIGATION;
MEMORANDUM OF LAW
4:21-cv-02713-YGR

1
2

# TABLE OF AUTHORITIES
## (Cont.)

**Page**

3

4

*Gemini Capital Group v. Yap Fishing Corp.*,
  150 F.3d 1088 (9th Cir. 1998) .................................................................. 8

5

6

*Horne v. Nissan N. Am., Inc.*,
  No. 17-cv-00436-MCE-DB, 2018 WL 746467 (E.D. Cal. Feb. 6,
  2018) ......................................................................................................... 3

7

8

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) .................................................................... 3

9

10

*Kaia Foods, Inc. v. Beallafiore*,
  70 F.Supp.3d 1178 (N.D. Cal. 2014).......................................................... 2

11

12

*Landis v. N. Am. Co.*,
  299 U.S. 248 (1936).......................................................................... 10, 11

13

14

*In re LimitNone, LLC*,
  551 F.3d 572 (7th Cir. 2008) .................................................................... 5

15

16

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) .................................................................... 9

17

18

*Murphy v. Schneider Nat'l, Inc.*,
  362 F.3d 1133 (9th Cir. 2004) .................................................................. 3

19

20

*Nakash v. Marciano*,
  882 F.2d 1411 (9th Cir. 1989) .................................................................. 7

21

22

*Owner-Operator Indep. Drivers Ass'n v. C.R. England, Inc.*,
  No. 02-cv-5664-AWI-SMS, 2002 WL 32831640 (E.D. Cal. Aug. 19,
  2002) ......................................................................................................... 6

23

24

*Piedmont Label Co. v. Sun Garden Packing Co.*,
  598 F.2d 491 (9th Cir. 1979) .................................................................... 2

25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1

**TABLE OF AUTHORITIES**
**(Cont.)**

2

3

**Page**

4

*Pringle v. Gentry*,
    No. 2:17-cv-02206-TLN-AC, 2018 WL 3702313 (E.D. Cal. Aug. 2,

5

    2018) ..................................................................................................... 8, 9, 10

6

*Ross v. U.S. Bank Nat'l Ass'n*,

7

    542 F. Supp. 2d 1014 (N.D. Cal. 2008) ................................................ 4, 7

8

*Rubio v. Monsanto Co.*,

9

    181 F. Supp. 3d 746 (C.D. Cal. 2016) ....................................................... 9

10

*Sinochem Int'l Co. v. Malay Int's Shipping Corp.*,

11

    549 U.S. 422 (2007) ................................................................................. 4, 5

12

*Sparling v. Hoffman Constr. Co., Inc.*,
    964 F.2d 635 (9th Cir. 1988) ....................................................................... 4

13

14

*Stewart Org. Inc. v. Ricoh Corp.*,
    487 U.S. 22 (1988) ........................................................................................ 4

15

16

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ................................................................... 9

17

*Van Dusen v. Barrack*,

18

    376 U.S. 612 (1964) ...................................................................................... 3

19

**Statutes**

20

28 U.S.C. § 1391(b) ......................................................................................... 2, 5

21

28 U.S.C. § 1404(a) ............................................................................................. 3

22

**Other Authorities**

23

24

Wright & Miller, Fed. Prac. & Proc. § 3848 (4th ed. 2018) ............................... 8

25

26

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT SYNCHRONY BANK'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER
VENUE OR IN THE ALTERNATIVE MOTION TO  TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) OR IN THE
ALTERNATIVE MOTION FOR STAY PENDING RESOLUTION OF OTHER LITIGATION;
MEMORANDUM OF LAW
4:21-cv-02713-YGR

**INTRODUCTION**

Plaintiff, is a pro se individual, who has filed two lawsuits related to delinquent credit card accounts owned and serviced by Synchrony.  Plaintiff originally filed a lawsuit in the Eastern District of New York against Synchrony, improperly named as Synchrony Financial, (the "First Lawsuit") seeking to recover for alleged violations of the Telephone Consumer Protection Act (the "TCPA").  After filing the First Lawsuit, Plaintiff filed the instant lawsuit against PayPal, Inc., purportedly a California company, (the "Second Lawsuit") also alleging violations of the TCPA as related to another account branded PayPal Credit, but owned and serviced by Synchrony.  Plaintiff subsequently agreed to dismiss PayPal and substitute Synchrony Bank as the proper party defendant in that matter.  The allegations of this Second Lawsuit, are nearly identical to the First Lawsuit.  The only connection the Second Lawsuit had to this District is the former defendant's purported presence in California.  Now that PayPal has been voluntarily dismissed from the Second Lawsuit, this District has no connection whatsoever to the parties, any witnesses, the alleged calls at issue, or any other claims.  As such, for judicial economy and to avoid inconsistent results, it makes sense to dismiss the Second Lawsuit for lack of jurisdiction, or in the alternative to transfer its venue so the matters can be consolidated.  If the Court declines either request, then Synchrony seeks a stay of the Second Lawsuit pending resolution of the First Lawsuit.

**FACTUAL AND PROCEDURAL BACKGROUND**

Relevant here, Synchrony's records reflect two credit card accounts in Plaintiff's name owned and serviced by Synchrony.  The first is a PayPal Credit branded credit card account ending in 3124 (the "PayPal Account") and the second is an Ebay MasterCard branded credit card account ending in 6459 (the "eBay Account"; collectively the PayPal Account and the eBay Account will be referred to as the "Accounts").  Declaration of Angel Nayman in Support of Motion to Dismiss, Transfer,

– 1 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

or Stay ("Nayman Decl."), ¶¶ 6(a-b).  Eventually, the Accounts' balances went into arrears and Synchrony contacted Plaintiff to seek collection of those balances.  *Id*. ¶ 7.  Some of these calls are alleged to have been received in New York.  NY ECF 1, ¶ 6 (First Lawsuit Complaint).

On April 6, 2021, Plaintiff filed the First Lawsuit under Case No.: 1:21-cv-01894 (WFK) (SJB) alleging violations of the TCPA.  NY ECF 1.  On April 15, 2021, Plaintiff filed the Second Lawsuit again alleging violations of the TCPA.  ECF 1.  ***Both lawsuits allege that the calls began on the same date***, November 17, 2020.

Both the First Lawsuit and Second Lawsuit share common issues of law and fact.  ECF 1 and NY ECF 1.  Both lawsuits allege violations of the TCPA based on telephone calls made to Plaintiff starting on November 17, 2020 allegedly without Plaintiff's consent.  ECF 1, p. 1; NY ECF 1, p. 1.  While the Second Lawsuit makes no mention of the location in which the telephone calls were received, <u>the First Lawsuit expressly alleges that Plaintiff received the telephone calls in the State of New York</u>.  NY ECF 1, ¶ 6 ("phone calls were received in this District").

## LEGAL STANDARDS

### I.    Dismissal for Improper Venue

Venue of a civil case is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b).  Once a defendant has raised the improper venue issue by motion, the burden of sustaining venue rests with the plaintiff.  *See Piedmont Label Co. v. Sun Garden Packing Co.,* 598 F.2d 491, 496 (9th Cir. 1979); *Kaia Foods, Inc. v.*

– 2 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Beallafiore*, 70 F.Supp.3d 1178, 1183 (N.D. Cal. 2014) ("Plaintiff bears the burden of showing that venue is proper.").  A court may consider evidence outside the pleadings when determining a Rule 12(b)(3) motion.  *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004).  Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

## II.   Transfer to More Appropriate Venue

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404(a).  District courts have discretion under Section 1404(a) to consider both the convenience of the parties and various public factors.  *See Atlantic Marine Const. Co., Inc. v. United States District Court*, 571 U.S. 49, 62 (2013).  Overall, the "purpose of this rule is to 'prevent waste in time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'"  *Horne v. Nissan N. Am., Inc.*, No. 17-cv-00436-MCE-DB, 2018 WL 746467, at *2 (E.D. Cal. Feb. 6, 2018) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)).  The decision whether to transfer an action is addressed to the district court's discretion.  *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498 (9th Cir. 2000).

When deciding a motion to transfer venue under Section 1404(a), courts first determine whether the case could have been brought in the transferee forum and then consider the convenience of the parties and witnesses and the interests of justice. 28 U.S.C. § 1404(a).  Courts look to several factors to determine where the interests of justice and convenience lie, including: (1) plaintiff's choice of forum; (2) convenience of the parties; (3) convenience of the witnesses; (4) ease of access to the evidence;

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

– 3 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

(5) familiarity of each forum with the applicable law; (6) feasibility of consolidation of other claims; (7) any local interest in the controversy; and (8) the relative court congestion and time to trial in each forum. *Barnes & Noble, Inc. v. LSI Corp.*, 823 F. Supp. 2d 980, 993 (N.D. Cal. 2011). "No single factor is dispositive, and a district court has broad discretion to adjudicate motions for transfer on a case-by-case basis." *Ctr. for Biological Diversity v. Kempthorne*, No. 08-cv-1139, 2008 WL 4543043, at *2 (N.D. Cal. Oct. 10, 2008) (citing *Stewart Org. Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)); *Sparling v. Hoffman Constr. Co., Inc.*, 964 F.2d 635, 639 (9th Cir. 1988).

It is well recognized that in "the Ninth Circuit, the principles of federal comity are embodied in the 'first-to-file' rule." *Ross v. U.S. Bank Nat'l Ass'n,* 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008). Under the first-to-file rule, a district court may transfer, stay, or dismiss an action when a similar action has been filed in another district court. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991). The rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments." *Church of Scientology of Calif. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979). Although its application is discretionary, the rule "normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *Id*. In determining whether the first-to-file rule applies, a court considers three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues. *Alltrade*, 946 F.2d at 625-26.

This Court may decide this motion to transfer venue before resolving jurisdictional questions. A decision to transfer for inconvenient forum is not a decision on the merits, and therefore does not require a finding of jurisdiction. *Sinochem Int'l Co. v. Malay Int's Shipping Corp.*, 549 U.S. 422, 423 (2007). Transfer under Section 1404(a) is simply "a determination that the merits should be adjudicated elsewhere" and

– 4 –

1  does not invoke "substantive law-declaring power." *In re LimitNone, LLC*, 551 F.3d

2  572, 577 (7th Cir. 2008) (quoting *Sinochem*, 549 U.S. at 432).

3  **ARGUMENT**

4       This case should be dismissed because venue in this district is improper.  No

5  party resides in this district and none of the events took place in this district.  In fact, no

6  events which are the subject of the Second Lawsuit even took place in California.

7  Alternatively, this Court should transfer this case to the Eastern District of New York

8  where Plaintiff filed the First Lawsuit more than a week prior to the instant action and

9  where the actual complained-of events occurred.

10  **I.      This Case Should Be Dismissed Because Venue is Not Proper in this District**

11       No part of the alleged occurrences giving rise to Plaintiff's claims occurred in

12  this District and now that PayPal has been dismissed, no party is a resident of this

13  District.  As such, venue is improper and the Court should dismiss this case.

14       Venue of a civil case is proper when; (1) any defendant is a resident of the district;

15  (2) the events or omissions giving rise to the claim occurred in the district; or (3) when

16  there is no other appropriate district and a defendant is subject to personal jurisdiction.

17  28 U.S.C. § 1391(b).

18       Here, Synchrony is not a resident of the State of California.  Nayman Decl., ¶ 2.

19  No event or omission giving rise to Plaintiff's claims occurred in California.  *See* ECF

20  1, NY ECF 1, p. 2.  Plaintiff does not aver residence in the District.  *See generally* ECF

21  2-6.  In fact, Plaintiff has already established a more proper (but still questionable)

22  venue is the Eastern District of New York, based on the lawsuit he filed there, wherein

23  he alleged that calls which allegedly violated the TCPA from Synchrony were received

24  in New York.  NY ECF 1, p. 2.

25       Because there is no basis for venue in this District, this matter should be

26  dismissed, in its entirety, based on improper venue.

27

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1  **II.     Alternatively, This Matter Should be Transferred to the Eastern District of**
2  **New York**

3       In the alternative, if the Court is not inclined to dismiss for improper venue,
4  Synchrony requests that this matter be transferred to the Eastern District of New York.
5  The overwhelming majority of factors to consider in making a determination on a
6  motion to transfer venue under Section 1404(a) weigh in favor of transferring this matter
7  to the Eastern District of New York.  Doing so will avoid duplicative litigation and
8  serves justice, judicial economy, and judicial efficiency.

9  **III.    The Interests of Justice Favor the Eastern District of New York**

10      The most important consideration in determining whether to transfer venue
11  pursuant to 28 U.S.C. § 1404(a) is whether the transfer would serve the interests of
12  justice.  *See Cohn v. Oppenheimer Funds, Inc.*, No. 09-cv-1656, 2009 WL 3818365, at
13  *6 (S.D. Cal. Nov. 12, 2009) ("The question of which forum will better serve the interest
14  of justice is of predominant importance on the question of transfer, and the factors
15  involving convenience of parties and witnesses are in fact subordinate.").  Here, the
16  interests of justice weigh in favor of a transfer.

17      **A.     Local Interest in the Controversy**

18      An important consideration in the transfer of venue is the "local interest in having
19  local controversies decided at home."  *Owner-Operator Indep. Drivers Ass'n v. C.R.*
20  *England, Inc.*, No. 02-cv-5664-AWI-SMS, 2002 WL 32831640, at *11 (E.D. Cal. Aug.
21  19, 2002) (citing *Decker Coal v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th
22  Cir. 1986)).

23      Here, with respect to this District, there is "little, if any, local interest in this case."
24  *Critters of the Cinema, Inc. v. Nestle Purina Petcare Co.*, No. 16-cv-0123-AWI-JLT,
25  2016 WL 2990619, at *9 (E.D. Cal. May 24, 2016).  None of the parties reside in this
26  district and none of the acts or omissions giving rise to this lawsuit occurred here.  *See*

27  – 6 –

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*generally*, ECF 1.  To the contrary, the complained of phone calls allegedly occurred in the Eastern District of New York.  NY ECF 1, p. 2.  Given the allegations in the Second Lawsuit, the Eastern District of New York has a more substantiated interest in resolving this issue then the Northern District of California.

**B.     The Ninth Circuit's "First-To-File" Rule Justifies a Transfer to the Eastern District of New York**

Principles of comity allow a district court to decline jurisdiction over an action where another action involving the same parties and issues has already been filed in another district.  "While no precise rule has evolved, the general principle is to avoid duplicative litigation," and promote judicial efficiency.  *Barapind v. Reno*, 225 F.3d 1100, 1109 (9th Cir. 2000) (citations omitted); *see also Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) ("It is enough if the two proceedings are 'substantially similar.'").

It is well recognized that in "the Ninth Circuit, the principles of federal comity are embodied in the 'first-to-file' rule." *Ross v. U.S. Bank Nat'l Ass'n,* 542 F. Supp. 2d 1014, 1020 (N.D. Cal. 2008).  Under the first-to-file rule, a district court may transfer, stay, or dismiss an action when a similar action has been filed in another district court. *Alltrade, Inc. v. Uniweld Products, Inc*., 946 F.2d 622, 625-26 (9th Cir. 1991).  The rule "is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments."  *Church of Scientology of Calif. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir. 1979).  Although its application is discretionary, the rule "normally serves the purpose of promoting efficiency well and should not be disregarded lightly."  *Id*.  In determining whether the first-to-file rule applies, a court considers three factors: (1) the chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of issues.  *Alltrade*, 946 F.2d at 625-26.

Here, transfer would specifically avoid duplicative litigation and promote judicial

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

efficiency.  All three factors to be considered are answered in favor of transferring this matter to the Eastern District of New York.  First, the First Lawsuit was filed on April 6, 2021 in New York, compared to the filing of the Second Lawsuit on April 15, 2021 in California.  *Compare* ECF 1 with NY ECF 1.  Second, now that Synchrony has been substituted to for PayPal, the parties are identical.  *Compare* ECF 32 with NY ECF 1. Third, the issues for both lawsuits are the same, as Plaintiff complains that telephone calls he received in the State of New York starting in November, 2020 regarding the Accounts allegedly violate the TCPA.  ECF 1, p. 1; NY ECF 1, p. 1.

Accordingly, principles of federal comity and the first-to-file rule as adhered to by the Ninth Circuit, favor transfer stay this matter to the Eastern District of New York.

## IV.   Plaintiff's Choice of Forum Is Entitled to Only Minimal Consideration

Plaintiff's decision to file the Second Lawsuit should be given only minimal consideration due to a lack of connection with the Northern District of California.

A plaintiff's choice of forum is given little weight when, as here, the plaintiff has chosen to sue outside his "home forum" and all of the relevant events occurred outside the chosen forum, so "the forum of original selection … has no particular interest." *Gemini Capital Group v. Yap Fishing Corp.*, 150 F.3d 1088, 1091 (9th Cir. 1998); *see also Pringle v. Gentry*, No. 2:17-cv-02206-TLN-AC, 2018 WL 3702313, at *4 (E.D. Cal. Aug. 2, 2018) ("if the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, plaintiff's choice is entitled to only minimal consideration").  "If the plaintiff is not a resident of the forum, the plaintiff's forum choice may be entitled to relatively little deference. … The plaintiff's preference may also be given less weight if the plaintiff sued in a district that has no obvious connection to the case."  Wright & Miller, Fed. Prac. & Proc. § 3848 (4th ed. 2018). When "the operative facts have not occurred within the forum and the forum has no interest in the parties or subject matter, plaintiff's choice [of forum] is entitled to only

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 8 –

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

minimal consideration." *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987); *see also Critters of the Cinema*, 2016 WL 2990619 at *5. (transferring case when plaintiff did not reside in EDCA and "[t]here is nothing to suggest that the identified conduct occurred in the EDCA").

None of the operative events alleged in the Second Complaint took place in this District or anywhere in the State of California for that matter.  While Plaintiff does not allege where the alleged calls were received in the Second Lawsuit, he certainly makes clear in the First Lawsuit that the alleged offending calls were received in the Eastern District of New York.  *Compare* ECF 1 with NY ECF 1.  Furthermore, neither party nor any witness resides in California.  *Cf. Pringle*, 2018 WL 3702313, at *4 (affording deference to plaintiff's choice of the Eastern District when plaintiff both resided in the Eastern District and she alleged the defendant's actions were "targeted at" the Eastern District).

## V.    Convenience of the Witnesses

Proceeding with this litigation in this District would likely inconvenience any potential witness, as all relevant witnesses likely reside outside this State.

"The convenience of witnesses is often the most important factor in determining whether a § 1404 transfer is appropriate." *Rubio v. Monsanto Co.*, 181 F. Supp. 3d 746, 762–63 (C.D. Cal. 2016) (citing cases).  "It goes without saying that '[a]dditional distance [from home] means additional travel time; additional travel time increases the probability for meal and lodging expenses; and additional travel time with overnight stays increases the time which these fact witnesses must be away from their regular employment.'"  *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) (citation omitted).

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## VI.    Transferring This Case Would Not Prejudice Plaintiff

Finally, should the Court transfer this case to the Eastern District of New York, Plaintiff will suffer no prejudice.  This case is new.  The initial scheduling conference has not yet occurred and is scheduled for August 23, 2021.  ECF 34.  Plaintiff will have opportunity for discovery in the Second Lawsuit, as that matter is equally in its beginning stages.  And even if his choice of forum were entitled to anything more than "minimal" consideration, the inconvenience that litigating in his chosen forum would cause to everyone else outweighs that "minimal" consideration.  *Pringle*, 2018 WL 3702313, at *4.

## VII.    Alternatively, This Matter Should Be Stayed Until Resolution of the New York Lawsuit

If the Court declines to dismiss this case for improper venue or transfer this matter to the Eastern District of New York, Synchrony requests that this matter should be stayed until the resolution of the First Lawsuit.

The power to stay proceedings under appropriate circumstances is part of a court's inherent authority to manage its docket.  *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.").

In considering whether to grant a stay, the Court should weigh competing interests that will be affected by the grant or refusal to grant a stay.  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).  Among these competing interests are: (1) the possible damage from the granting of a stay; (2) the hardship or inequity a party may suffer in being required to go forward; (3) the orderly course of justice measured in terms of simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay; (4) "the interests of the plaintiffs in proceeding

– 10 –

1  expeditiously with this litigation;" and (5) "the convenience of the court in the
2  management of its cases and the efficient use of judicial resources." *Id.* (citing *Landis*,
3  229 U.S. at 254–55); *Fed Sav. & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 903 (9th
4  Cir. 1989).  Additionally, under the first-to-file rule, a district court may transfer, stay,
5  or dismiss an action when a similar action has been filed in another district court.
6  *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 625-26 (9th Cir. 1991).

7       Ordering a stay of this action pending the resolution of the Eastern District of New
8  York lawsuit will likely conserve judicial resources for both the Court and the Parties.
9  In both cases, assuming Plaintiff is successful in proving a violation of the TCPA,
10 Plaintiff will seek statutory damages as allowed and detailed by the TCPA.  A resolution
11 reached in one case, potentially, reaches resolution in the other.  Thus, preservation of
12 judicial resources and promotion of judicial economy favors staying this matter until
13 resolution of the First Lawsuit.

14                                    **CONCLUSION**

15      In accordance with the interests of the parties and witnesses, and the interests of
16 justice, this Court should dismiss this action for improper venue.  Alternatively, the
17 Court transfer this action to the United States District Court for the Eastern District of
18 New York under 28 U.S.C. § 1404(a), as that district is a more proper venue based on
19 the alleged facts and time of filing.  Alternatively, this Court also should issue an
20 immediate stay until the lawsuit in the Eastern District of New York is resolved.

21      DATED:  July 30, 2021

22

23                                    REED SMITH LLP

24                              By: */s/ Steven Warner*
25                                    Steven P. Warner
                                      REED SMITH LLP
26                                    Attorneys for Defendant
                                      Synchrony Bank
27                                    – 11 –

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT SYNCHRONY BANK'S NOTICE OF MOTION AND MOTION TO DISMISS FOR IMPROPER
VENUE OR IN THE ALTERNATIVE MOTION TO  TRANSFER VENUE UNDER 28 U.S.C. § 1404(a) OR IN THE
ALTERNATIVE MOTION FOR STAY PENDING RESOLUTION OF OTHER LITIGATION;
MEMORANDUM OF LAW
4:21-cv-02713-YGR