Jakub J. Madej (not barred yet)
THE TEMPORARY OFFICES OF JAKUB MADEJ
415 Boston Post Rd, Ste 3-1102
Milford, CT 06460
T: (203) 928-8486
F: (203) 902-0070
E: j.madej@lawsheet.com
*Plaintiff appearing in person*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISON

| | |
|---|---|
| JAKUB MADEJ, | Case No. 21-cv-02713-YGR |
| Plaintiff, | |
| v. | **PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND FOR OTHER RELIEF** |
| SYNCHRONY BANK, | |
| Defendant. | |
| | Date:   September 7, 2021, at 2:00 p.m. |
| | Court:  Zoom platform |
| | Judge:  Hon. Yvonne Gonzalez Rogers |
| | Response to docket number 38 |

— 1 —

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND FOR OTHER RELIEF [38]
CASE NO. 21-CV-02713-YGR

This page intentionally left blank.

— 2 —

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND FOR OTHER RELIEF [38]
CASE NO. 21-CV-02713-YGR

## Table of Contents

Preliminary Statement and Summary of Argument ..................................................................... 5

Statement of Facts ........................................................................................................................ 6

Summary of Procedural History ................................................................................................... 6

Legal Standard .............................................................................................................................. 7

   I.  Dismissal for improper venue under Rule 12(b)(3) ............................................................ 7
   II. Transfer under 28 U.S.C. § 1404(a) ................................................................................... 7
   III. Stay .................................................................................................................................... 8

Argument and Authorities ............................................................................................................ 9

   I.  Synchrony's challenge to venue must be rejected, and the Court should deny it for three independent reasons ............................................................................ 9

      A. Synchrony waived an improper venue defense by not including it in the responsive pleading ........................................................................................... 9

      B. Even if not waived, Synchrony's contentions are factually insufficient to challenge the propriety of venue ............................................................................. 9

      C. In any case, venue is proper under 28 U.S.C. § 1391(b)(1) because Synchrony Bank is resident in California ............................................................. 10

   II. Transfer under 28 U.S.C. § 1404(a) is unavailable because this action could not have been brought in the Eastern District of New York or, at a minimum, Synchrony failed to demonstrate that it could ................................. 11

      A. Transfer Synchrony failed to show that this case could have been brought in the Eastern District of New York ................................................................... 11

   III. Stay pending resolution of another case in New York should be denied because both cases are unrelated, and Synchrony doesn't show otherwise ..... 12

Conclusion .................................................................................................................................. 13

Request for Oral Argument ........................................................................................................ 13

This page intentionally left blank.

— 4 —

**Preliminary Statement and Summary of Argument**

In this factually uncomplicated individual TCPA case, defendant Synchrony Bank seeks three forms of relief, namely to (1) dismiss the case under Rule 12(b)(3) for improper venue; (2) transfer the case to Eastern District of New York under 28 U.S.C. § 1404(a); or (3) stay this case pending resolution of another matter that Synchrony believes is related to this litigation.

Synchrony's requests for relief fall short of well-established standards, and must be denied.

Specifically, the Court should deny Synchrony's Rule 12(b)(3) motion because Synchrony (i) waived this defense by not presenting it in a responsive pleading or pre-answer motion; (ii) failed to marshal enough facts to genuinely challenge plaintiff's choice of venue; and (iii) because, in any case, the venue is proper in the Northern District under 28 U.S.C. § 1391(b)(1) because Synchrony Bank is resident in California.

The Court should also deny the motion to transfer because this case could not have been brought in the Eastern District of New York, because Synchrony fails to show that it might have, and because benef.

They lack arguable basis must be denied, and each relief can be refused independently on multiple grounds.

## Statement of Facts

Plaintiff Jakub Madej alleges that Synchrony Bank, operating under the "PayPal Credit" brand – placed at least 40 separate unauthorized "robocalls" to his personal phone number between November 17 and November 29, 2020, without obtaining, or intending to obtain, his prior express consent to contact him by phone. Complaint, DE 1, ¶¶ 12-16. Synchrony transmitted the prerecorded messages using more than 20 phone numbers to avoid detection and disguise the scale of its operations. ¶ 19. This misleading conduct, according to the complaint, is part of carefully crafted business strategy: Synchrony fails to maintain a Do Not Call policy required by law, ¶ 23, and intentionally anonymized the calls. ¶ 14. All in all, Synchrony knew that its calls willfully and knowingly violated the Telephonic Communications Protection Act, 47 U.S.C. § 227, thus entitling plaintiff to recovery. ¶¶ 21-26.

## Summary of Procedural History

The original complaint was filed on April 15, 2021. This case was initially assigned to Magistrate Judge van Keulen but Synchrony, soon before the case management conference, declined magistrate judge jurisdiction. This case was then reassigned to this Court. The Court scheduled a case management conference for August 30[1]. Synchrony noticed the motion hearing a week later, on September 7, at 2:00 p.m.[2]

---

[1] Dkt. 34.

[2] Dkt. 38.

— 6 —

**Legal Standard**

## I. Dismissal for improper venue under Rule 12(b)(3).

Rule 12(b)(3) authorizes dismissal only when venue is 'wrong' or 'improper' under the general venue statute, 28 U.S.C. § 1391.[3] The court's venue analysis starts with the complaint, but may extend to extrinsic evidence such as affidavits or declarations.[4] Deciding if the venue is proper, the court draws all reasonable inferences in favor of upholding venue[5].

## II. Transfer under 28 U.S.C. § 1404(a).

The court has discretion under § 1404(a) to transfer any civil action to any district "where it might have been brought" in the interest of justice and for convenience of parties and witnesses.[6] The party requesting transfer bears the burden of showing that transfer is appropriate.[7] The Ninth Circuit has required "a strong showing of inconvenience" from the defendant to successfully upset

---

[3] *Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.*, 571 U.S. 49, 55 (2013).

[4] *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).

[5] *Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137–1140 (9th Cir. 2004) (when determining motion to dismiss for improper venue, court must draw all reasonable inferences and resolve all factual conflicts in favor of non-moving party, unless court holds evidentiary hearing).

[6] 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.")

[7] *Allstar Marketing Group, LLC v. Your Store Online, LLC*, 666 F. Supp. 2d 1109 (C.D. Cal. 2009).

— 7 —

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND FOR OTHER RELIEF [38]
CASE NO. 21-CV-02713-YGR

plaintiff's choice of forum.[8] Plaintiff's choice of forum is generally entitled to deference.[9]

### III. Stay.

The burden of proof is on the party seeking the stay.[10]

---

[8] *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986).

[9] See *E&J Gallo Winery v. F. & P. S.p.A*, 899 F. Supp. 465, 466 (E.D. Cal. 1994) ("Unless the balance of convenience is strongly in favor of the defendant, plaintiff's choice of forum should not, or should rarely, be disturbed.").

[10] *Clinton v. Jones*, 520 U.S. 681, 708 (1997).

— 8 —

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND FOR OTHER RELIEF [38]
CASE NO. 21-CV-02713-YGR

**Argument and Authorities**

All three requested forms of relief will be addressed in turn.

**I. Synchrony's challenge to venue must be rejected, and the Court should deny it for three independent reasons.**

  A. <u>Synchrony waived an improper venue defense by not including it in the responsive pleading.</u>

A defendant must raise the improper venue defense in its first responsive pleading or in a pre-answer motion under Rule 12(b)(3)[11], or else it waives the right to challenge venue.[12]

Reviewing Synchrony's answer[13] and the docket reveals that Synchrony didn't object to venue in a responsive pleading and didn't challenge venue in a pre-answer motion under Rule 12. Synchrony therefore waived an improper venue defense and cannot now object to litigating this case in the Northern District[14].

This is sufficient to deny Synchrony's motion to dismiss. But the Court may refuse Synchrony's motion on at least two other grounds.

  B. <u>Even if not waived, Synchrony's contentions are factually insufficient to challenge the propriety of venue.</u>

---

[11] Fed. R. Civ. P. 12(b).

[12] Fed. R. Civ. P. 12(h)(1)(B)(ii). See, for example, *American Home Assurance Co. v. TGL Container Lines, Ltd.*, 347 F. Supp. 2d 749 (N.D. Cal. 2004)

[13] Dkt. ??

[14] Dkt. 15.

Synchrony's motion fails to marshal enough facts to meaningfully object to laying venue in the Northern District, and cannot thus shift the burden of persuasion to plaintiff.

Courts have generally held that once a defendant challenges venue, the plaintiff bears the burden of demonstrating that venue is proper.[15] But a successful challenge requires more than uttering "I object". And Synchrony's objection isn't a genuine challenge. Synchrony's challenge to venue is barely developed beyond a mere mention. Synchrony's entire motion is based on *one statement* declaring that "Synchrony is a federal savings association with a charter home office in Utah that, among other things, issues credit card accounts to consumers."[16] That Synchrony is an association charted in Utah is irrelevant to whether venue in one TCPA case is proper in the Northern District of California. In other words, this statement doesn't make the venue here more or less proper, and is of no consequence in determining the question before the Court. Synchrony doesn't request that the Court take judicial notice of any facts: the existence of the other case, its substance, or any disputed or irrelevant facts asserted there.

C. <u>In any case, venue is proper under 28 U.S.C. § 1391(b)(1) because Synchrony Bank is resident in California.</u>

Under § 1391(b)(1), a civil action may be brought in any district where the defendant resides. Because Synchrony Bank is a corporation, for venue purposes,

---

[15] *Hope v. Otis Elevator Co.*, 389 F. Supp. 2d 1235, 1243 (E.D. Cal. 2005); *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

[16] Synchrony tries to assert multiple facts in its memorandum. But "[f]actual contentions in support of … any motion must be supported by an affidavit or declaration and by appropriate references to the record". Civil L.R. 7-5.(a). Counsel's statements are not evidence, and the only relevant facts Synchrony marshals are confined in ¶ 2 of the attached affidavit.

— 10 —

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND FOR OTHER RELIEF [38]
CASE NO. 21-CV-02713-YGR

it is deemed to reside in any district where it is subject to the court's personal jurisdiction with respect to the civil action in question[17]. Federal courts look to the forum's long arm statutes to determine the scope of allowable personal jurisdiction[18]. California's long-arm statute allows the exercise of personal jurisdiction to the full extent permissible under the U.S. Constitution.[19] Thus the inquiry into whether venue is proper here centers on whether exercising jurisdiction comports with due process.

Due process requires that the defendant "have certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice." [20] Depending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific.[21]

Because Synchrony Bank resides in this district, the venue is proper in the Northern District under X, and the motion to dismiss must be denied.

**II.   Transfer under 28 U.S.C. § 1404(a) is unavailable because this action could not have been brought in the Eastern District of New York or, at a minimum, Synchrony failed to demonstrate that it could.**

A.   <u>Transfer Synchrony failed to show that this case could have been brought in the Eastern District of New York.</u>

---

[17] 28 U.S.C. § 1391(c)(2).

[18] Fed. R. Civ. P. 4(k)(1)(A).

[19] Cal. Code Civ. Proc. § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States.").

[20] *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945).

[21] *Boschetto v. Hansing*, 539 F.3d 1011, 1016 (9th Cir. 2008).

— 11 —

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND FOR OTHER RELIEF [38]
CASE NO. 21-CV-02713-YGR

The court may transfer a civil action under § 1404(a) only to a district where the case "might have been brought". Because Synchrony moves for a transfer, it bears the burden of proof that this case might have been brought in New York. And Synchrony failed to meet this burden. It

### III. Stay pending resolution of another case in New York should be denied because both cases are unrelated, and Synchrony doesn't show otherwise.

The request for a stay should be denied because no sound basis exists for this relief. The existence of another case between different parties stemming from different events in another district is irrelevant for this case, or for this Court's judicial economy. If anything, Synchrony imposed an unnecessary burden on the Court by filing its factually slim motion.

Synchrony's request to stay this case – and its motion more generally – stems from its belief that another case by the same plaintiff pending in the Eastern District of New York is somehow related to this litigation. Plaintiff filed a notice on the record reflecting that cases are not related[22]. These two cases stem from different events, and have different named defendants. Synchrony doesn't offer evidence that these two cases are, in fact, related. It didn't provide this Court with a copy of the purportedly related complaint or any other filings from the New York case. It doesn't explain how the allegations are related. Synchrony doesn't request that the Court take judicial notice of the New York case. And this

---

[22] Dkt. 28.

— 12 —

Court should not indulge Synchrony's requests, which are only intended to detract the parties and the Court from the merits of this case.

## Conclusion

Synchrony is not entitled to any relief it seeks. The Court should therefore deny defendant's motion in its entirety.

## Request for Oral Argument

Should the Court not decide Synchrony's motion on the papers, plaintiff respectfully requests an opportunity to briefly supplement this opposition orally at the hearing noticed for September 7.[23]

Respectfully submitted,

Dated:   August 13, 2021.        By: /s/ Jakub Madej
                                 Jakub J. Madej (in person)
                                 THE TEMPORARY OFFICES OF JAKUB MADEJ
                                 415 Boston Post Rd, Ste 3-1102
                                 Milford, CT 06460
                                 T: (203) 928-8486
                                 F: (203) 902-0070
                                 E: j.madej@lawsheet.com

---

[23] Dkt. 38.

— 13 —

## Certificate of Service

All counsel will receive a notice of electronic filing (NEF) regarding this memorandum directly from the Court's ECF e-filing system.

/s/ Jakub Madej

— 14 —

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND FOR OTHER RELIEF [38]
CASE NO. 21-CV-02713-YGR