Steven P. Warner (SBN 159404)
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080
Email: swarner@reedsmith.com

Attorneys for Defendant
SYNCHRONY BANK

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKUB MADEJ,<br><br>    Plaintiff,<br><br>vs.<br><br>SYNCHRONY BANK,<br><br>    Defendant. | Case No. 4:21-cv-02713-YGR<br><br>**DEFENDANT SYNCHRONY BANK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a), OR IN THE ALTERNATIVE MOTION FOR STAY PENDING RESOLUTION OF OTHER LITIGATION**<br><br>Date: September 7, 2021<br>Time: 2:00 p.m.<br>Place: Courtroom 1- 4th Floor<br>Judge: Hon. Yvonne Gonzalez Rogers<br><br>Compl. Filed:  April 15, 2021 |

# INTRODUCTION

Contrary to Plaintiff's opposition, venue has *not* been established in this case and he has failed to meet his burden of proof on this issue. Moreover, Plaintiff has already filed a nearly identical action seeking the same relief, with the same parties, alleging the same facts, and making the same claims in a New York District Court action.

Plaintiff has provided no basis as to why this action should remain in California when none of the parties are connected to California and none of the complained of events occurred in California. Despite making a conclusory, unsupported claim that Synchrony is a resident of California (which is untrue), Plaintiff has failed to establish any connection to California that establishes venue and this matter should be dismissed.

If this Court is not inclined to dismiss this action altogether, then it should transfer this case to the Eastern District of New York where, more than a week prior to filing the instant action, Plaintiff filed the First Lawsuit[1] making essentially identical claims which involve the same calls, the same accounts, and the same defendant.

# ARGUMENT

## I. Synchrony Has Presented Sufficient Facts to Challenge Venue in the Northern District of California

Plaintiff's fundamental argument in his opposition is that Synchrony has not presented sufficient facts in support of its Motion to Dismiss, Transfer, or Stay to challenge Plaintiff's choice of venue. *See* ECF 39, p. 5 (Plaintiff's Opposition, hereinafter "Plain. Oppo."). Fundamentally, this ignores that it is Plaintiff's burden to establish venue. Substantively, it also ignores that the only relevant facts support dismissal, transfer, or a stay,[2] because Plaintiff has not provided any facts of his own to

---

[1] All defined terms herein have the same meaning as those identified in Synchrony's Motion to Dismiss, Transfer, or Consolidate; The New York action is the First Lawsuit and this action is the Second Lawsuit.

[2] This Court may take judicial notice of the matter pending in the Eastern District of New York and its various filings, as the accuracy of the filing having occurred and their timing cannot be

– 1 –

DEFENDANT SYNCHRONY BANK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a), OR IN THE ALTERNATIVE MOTION FOR STAY PENDING RESOLUTION OF OTHER LITIGATION
4:21-cv-02713-YGR

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

support that this matter should remain in California. *See generally*, Plaintiff's Oppo. Neither Plaintiff nor his claims seem to have any connection to California. Plaintiff relies on conclusory unsupported allegations Synchrony doing business in California establishes residence and thus proper venue in California, but performs no analysis to support this claim, such as a minimum contacts test. *Id*.

Here, Synchrony is not a resident of the State of California. Nayman Decl., ¶ 2. According to the evidence and pleadings before the Court, no event or omission giving rise to Plaintiff's claims seems to have occurred in California. *See* ECF 1, NY ECF 1, p. 2. Plaintiff does not aver that he resides in this District. *See generally* ECF 2-6. In fact, Plaintiff has already established a more proper (but still questionable) venue is the Eastern District of New York, based on the lawsuit he filed there, wherein he alleged that these same calls were received in New York. NY ECF 1, p. 2.

Viewing the facts and evidence presented by both Synchrony and Plaintiff and comparing Plaintiff's First Lawsuit, filed in New York, to his Second Lawsuit, filed in California, it is clear they are related if not identical. *See* ECF 1; NY ECF 1; Nayman Decl., ¶¶ 6(a-b). Both lawsuits fundamentally involve the same parties, the same accounts, and the same claims.

As such, there is no basis for venue in this District and this matter should be dismissed, transferred, or stayed, accordingly.

## II.   Transfer is Appropriate Based on these Facts

Plaintiff presents only an incomplete argument in his opposition against Synchrony's Motion to Transfer. Plaintiff's Oppo., p. 12. Plaintiff states vaguely that

---

reasonable questioned. Fed. R. Civ. Proc. 201(2). Specifically, this Court should take notice of the Complaint filed in the First Lawsuit (referred to previously as the First Lawsuit Complaint), Synchrony's Answer, and Synchrony's Opposition to Plaintiff's Motion for Default Judgment. NY ECF 1, 13 and 19-22.

– 2 –

DEFENDANT SYNCHRONY BANK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a), OR IN THE ALTERNATIVE MOTION FOR STAY PENDING RESOLUTION OF OTHER LITIGATION
4:21-cv-02713-YGR

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Synchrony must meet the burden of proof to show this matter might have been brought in New York.

As detailed, *supra*, and in Synchrony's Motion, this matter could have been brought in New York as the complained of telephone calls were allegedly received in New York. NY ECF 1, p. 2. Plaintiff has two credit card accounts with Synchrony and any calls made to Plaintiff were based on these accounts. Nayman Decl., ¶¶ 6(a-b).

As such, this matter should have been brought in New York.

### III.  Staying this Matter is Appropriate Based on these Facts

Plaintiff contends that a stay in this matter is inappropriate as this case and the case currently pending in New York are unrelated. Plaintiff's Oppo., pp. 12-13. Plaintiff's only support for this contention is the Notice of Pendency of Another Action, ECF 27, and the allegations of his Complaints. ECF 30. Simply resting on his pleadings is not sufficient. *See Murphy v. Schneider Nat'l, Inc.*, 362 F.3d 1133, 1137 (9th Cir. 2004) (a court may consider evidence outside the pleadings when determining a Rule 12(b)(3) motion). Synchrony has presented additional facts via declaration that Plaintiff has two credit card accounts with Synchrony and that any telephone calls made by Synchrony to Plaintiff were related to its ownership and servicing of those accounts. Nayman Decl., ¶¶ 6(a-b). Synchrony has also presented facts that the calls were made to Plaintiff in New York, as alleged by Plaintiff's own complaint. NY ECF 1. Plaintiff makes no attempt to contradict these facts or offer any facts of his own that would show why this matter *could not* have been brought in New York.

Fundamentally, the two matters are related and if dismissal or transfer is not granted, in the interest of judicial efficiency, this matter should be stayed until resolution of the matter in New York.

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

– 3 –

DEFENDANT SYNCHRONY BANK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a), OR IN THE ALTERNATIVE MOTION FOR STAY PENDING RESOLUTION OF OTHER LITIGATION
4:21-cv-02713-YGR

### IV. The Defense of Improper Venue was not Waived and Dismissal is Appropriate Based on these Facts

Plaintiff argues that the defense of improper venue has been waived. Synchrony did not waive this defense as at the time the Answer was filed, because Synchrony was not sufficiently aware the defense existed due to Plaintiff's own actions in handling the filing and service of the First Lawsuit Complaint.

A party cannot be deemed to have waived objections or defenses which were not known to be available at the time they could first have been made, especially when it does raise the objections as soon as their cognizability is made apparent. *Engel v. CBS, Inc.,* 886 F. Supp. 728, 730 (C.D. Cal. 1995) (quoting *Holzsager v. Valley Hospital*, 646 F.2d 792, 796 (2d Cir. 1981).

Here, the record of this matter, and the record of Plaintiff's First Lawsuit in New York, reflects that Synchrony was not aware when the Answer was filed that this venue was improper and that the Eastern District of New York was the more appropriate venue. Synchrony first became aware of the First Lawsuit on June 1, 2021. *See* NY ECF 19. Synchrony promptly filed an Answer in the First Lawsuit on June 3, 2021, to demonstrate to the court it intended to defend against the matter in light of Plaintiff's attempted improper default. NY ECF 13. Synchrony contends it was not properly served in the First Lawsuit, and as such lacked notice to the existence and ongoing litigation of the First Lawsuit. NY ECF 19-22.

In this matter, the Answer was filed on June 10, 2021, in accordance with an extension granted by Plaintiff. ECF 10, 15. Synchrony had only a short time to investigate the connection between this matter and the First Lawsuit filed in New York. Compare ECF 15 with NY ECF 13, 19-22.

Furthermore, the initial filing of this matter named PayPal as the Defendant. ECF 1. As Synchrony previously acknowledged, venue might have been proper in the

– 4 –

DEFENDANT SYNCHRONY BANK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a), OR IN THE ALTERNATIVE MOTION FOR STAY PENDING RESOLUTION OF OTHER LITIGATION
4:21-cv-02713-YGR

Northern District of California, when PayPal was the named Defendant. As Synchrony has replaced PayPal as Defendant in this matter, a substitution that occurred *after* Synchrony filed its Answer, the defense of improper venue did not exist and/or was not known at the time Synchrony filed its Answer. ECF 25.

As such, Synchrony did not waive the issue of improper venue which it now brings to the Court via its Motion to Dismiss, Transfer, or Stay and the facts detailed, *supra*, support dismissal as venue is improper.

## CONCLUSION

In accordance with the interests of the parties and witnesses, and the interests of justice, this Court should dismiss this action for improper venue. Alternatively, the Court transfer this action to the United States District Court for the Eastern District of New York under 28 U.S.C. § 1404(a), as that district is a more proper venue based on the alleged facts and time of filing. Alternatively, this Court also should issue an immediate stay until the lawsuit in the Eastern District of New York is resolved.

DATED: August 20, 2021          REED SMITH LLP

                                By: */s/ Steven Warner*
                                    Steven P. Warner
                                    REED SMITH LLP
                                    Attorneys for Defendant
                                    Synchrony Bank

– 5 –

DEFENDANT SYNCHRONY BANK'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS FOR IMPROPER VENUE, OR IN THE ALTERNATIVE MOTION TO TRANSFER VENUE UNDER 28 U.S.C. § 1404(a), OR IN THE ALTERNATIVE MOTION FOR STAY PENDING RESOLUTION OF OTHER LITIGATION
4:21-cv-02713-YGR