Steven P. Warner (SBN 159404)
Email: swarner@reedsmith.com
REED SMITH LLP
355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071-1514
Telephone: +1 213 457 8000
Facsimile: +1 213 457 8080

Attorneys for Defendant
SYNCHRONY BANK

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAKUB MADEJ,<br><br>    Plaintiff,<br><br>vs.<br><br>SYNCHRONY BANK,<br><br>    Defendant. | Case No.: 21-cv-02713-YGR<br><br>Hon. Judge Yvonne Gonzalez Rogers<br><br>**DEFENDANT SYNCHRONY BANK'S FIRST AMENDED ANSWER AND DEFENSES**<br><br>Date Filed:    April 15, 2021 |

AND NOW comes Defendant Synchrony Bank, by and through its undersigned counsel, and files the within First Amended Answer and Defenses to the Complaint of Jakub Madej ("Plaintiff") and in support thereof, states as follows:

## NATURE OF THIS ACTION

1.  The statements in this paragraph constitute general or introductory statements and/or conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations, denies that it violated the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.*, ("TCPA") in any way, and denies the use of an automatic telephone dialing system ("ATDS"), or a "robocalls" as those or similar terms are defined by the TCPA.

# PARTIES

2. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations.

3. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations. Synchrony denies that PayPal Inc. or PayPal Credit is a proper party to this action.

# JURISDICTION AND VENUE

4. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations.

5. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations.

6. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations.

# STATUTORY FRAMEWORK AND SOURING REALITY[1]

7. The statements in this paragraph constitute general or introductory statements and/or conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

8. The statements in this paragraph constitute general or introductory statements and/or conclusions of law to which no response is required. To the extent a

---

[1] For convenience only, Synchrony has used the headings set forth in Plaintiff's complaint. Synchrony does not agree with the characterization of a "souring reality." This is highly inappropriate for any complaint and Plaintiff should be admonished for such a characterization.

DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

9. The statements in this paragraph constitute general or introductory statements and/or conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

10. The statements in this paragraph constitute general or introductory statements and/or conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

**FACTUAL BACKGROUND**

11. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

12. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

13. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations. Synchrony denies the allegations and denies that it violated the TCPA in any way and denies the use of an ATDS as that term is defined by the TCPA.

14. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

15. Synchrony lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph. To the extent a response is required, Synchrony denies the allegations and denies that it violated the TCPA in any way.

16. The allegations in this paragraph constitute conclusions of law to which no

DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1 response is required. To the extent a response is required, Synchrony denies the
2 allegations.

3     17. The allegations in this paragraph constitute conclusions of law to which no
4 response is required. To the extent a response is required, Synchrony denies the
5 allegations. Also, Synchrony lacks knowledge or information sufficient to form a belief
6 as to the truth of some of the allegations in this paragraph. To the extent a response is
7 required, Synchrony denies those allegations.

8     18. Synchrony lacks knowledge or information sufficient to form a belief as to
9 the truth of the allegations in this paragraph. To the extent a response is required,
10 Synchrony denies the allegations and denies that it violated the TCPA in any way.

11     19. Synchrony lacks knowledge or information sufficient to form a belief as to
12 the truth of the allegations in this paragraph. To the extent a response is required,
13 Synchrony denies the allegations, denies that it violated the TCPA in any way, and
14 denies the use of an ATDS and/or that it made "robocalls" as those or similar terms are
15 defined by the TCPA.

16     20. The allegations of this paragraph and its sub-parts constitute conclusions
17 of law to which no response is required. To the extent a response is required, Synchrony
18 denies the allegations of this paragraph and denies that it violated the TCPA in any way.

19     21. Synchrony denies the allegations of this paragraph and denies that it
20 violated the TCPA in any way.

21     22. Synchrony denies the allegations of this paragraph and denies that it
22 violated the TCPA in any way.

23     23. The allegations of this paragraph constitute conclusions of law to which
24 no response is required. To the extent a response is required, Synchrony denies the
25 allegations of this paragraph and denies that it violated the TCPA in any way.

26     24. Synchrony denies the allegations of this paragraph and denies that it
27 violated the TCPA in any way.

28

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES

## CLAIM FOR RELIEF

25. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations of this paragraph, denies that it violated the TCPA in any way, and denies the use of an ATDS as that or similar terms are defined by the TCPA.

26. The allegations of this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, Synchrony denies the allegations of this paragraph, denies that it violated the TCPA in any way, and denies the use of an ATDS as that or similar terms are defined by the TCPA.

## PRAYER FOR RELIEF

Synchrony denies the allegations in paragraph entitled "Prayer for Relief," denies that Synchrony violated the TCPA in any way, denies that Plaintiff suffered any damages, denies that Plaintiff is entitled to the relief which Plaintiff seeks, and denies that Plaintiff is entitled to any relief whatsoever from Synchrony.

## JURY DEMAND

In response to the unnumbered paragraph entitled "Demand for Jury Trial," Synchrony states that this paragraph is a demand by the Plaintiff for a jury trial, to which no response is required.

## DEFENSES

## FIRST DEFENSE

(Arbitration)[2]

Some or all of Plaintiff's claims may be subject to arbitration in accordance with the terms and conditions of the account and Synchrony reserves the right to compel arbitration pursuant to the terms and conditions of the applicable contractual agreements and/or account terms and conditions.

---

[2] Pursuant to the Court's Order Granting in Part and Denying in Part Plaintiff's Motion to Strike, the Court denied Plaintiff's Motion as to this Defense. *See* ECF 37.

## SECOND DEFENSE

(Fault of Others)

Plaintiff provided consent, via contract and course of conduct, for Synchrony to contact him as related to the Synchrony Credit Card accounts that Synchrony owned and/or serviced. Plaintiff did not and cannot revoke consent. If Plaintiff suffered or sustained any loss, injury, damage, or detriment, the same was directly and proximately caused and contributed to by the breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct or intervening acts of others, including but not limited to Plaintiff, and not by Synchrony. See *Fabian v. LeMahieu*, No. 4:19-cv-00054-YGR, 2020 U.S. Dist. LEXIS 109013, at *13 (N.D. Cal. June 19, 2020); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044, n.3 (9th Cir. 2017); and 47 U.S.C. § 227(b)(1)(A).

## THIRD DEFENSE

(Waiver)

Plaintiff provided consent, via contract and course of conduct, for Synchrony to contact him as related to the Synchrony Credit Card accounts that Synchrony owned and/or serviced. Plaintiff did not and cannot revoke consent. Plaintiff provided consent at the time he applied for credit card accounts that Synchrony now owns and/or services. Plaintiff never revoked, either in writing or verbally, consent, either via letter, email, or recorded telephone call. Plaintiff, by reason of his own actions and conduct, is barred from recovery on the grounds that Plaintiff has waived whatever rights he may have had to assert the claims alleged in the Complaint. *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044, n.3 (9th Cir. 2017); and 47 U.S.C. § 227(b)(1)(A).

//
//
//
//

## FIFTH DEFENSE

(Estoppel)

Plaintiff provided consent, via contract and course of conduct, for Synchrony to contact him as related to the Synchrony Credit Card accounts that Synchrony owned and/or serviced. Plaintiff did not and cannot revoke consent. Plaintiff's claims are barred by the equitable doctrine of estoppel, as Plaintiff provided consent to Synchrony for Synchrony to contact Plaintiff and Plaintiff could not and did not revoke this consent. *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044, n.3 (9th Cir. 2017); and 47 U.S.C. § 227(b)(1)(A).

## SEVENTH DEFENSE

(Justification)

Plaintiff provided consent, via contract and course of conduct, for Synchrony to contact him as related to the Synchrony Credit Card accounts that Synchrony owned and/or serviced. Plaintiff did not and cannot revoke consent. Each and every act of Synchrony complained of in this Complaint was justified, proper, legal, fair, and not done in degradation of Plaintiff's rights or legal interests. *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044, n.3 (9th Cir. 2017); and 47 U.S.C. § 227(b)(1)(A).

## NINTH DEFENSE

(Good Faith Conduct)

Plaintiff provided consent, via contract and course of conduct, for Synchrony to contact him as related to the Synchrony Credit Card accounts that Synchrony owned and/or serviced. Plaintiff provided consent at the time he applied for credit card accounts that Synchrony now owns and/or services. Plaintiff never revoked, either in writing or verbally, consent, either via letter, email, or recorded telephone call. Plaintiff did not and cannot revoke consent. Synchrony at all times acted in good faith and in

accordance with reasonable commercial standards, including but not limited to, Plaintiff's previously given consent and lack of revocation, thus precluding any recovery by Plaintiff against Synchrony. *See Facebook, Inc. v. Duguid*, 141 S. Ct. 1163 (2021); *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044, n. 3 (9th Cir. 2017); and 47 U.S.C. § 227(b)(1)(A)

## TWELFTH DEFENSE

(No Damages / Speculative Damages)[3]

Plaintiff suffered no actual damages and any damages claimed by Plaintiff in the Complaint are speculative and, therefore, cannot be recovered.

## THIRTEENTH DEFENSE

(Failure to Mitigate Damages)[4]

Plaintiff failed to take proper and reasonable steps to avoid, minimize, or mitigate his alleged damages and, to the extent of such failure, the damages allegedly incurred by Plaintiff, if any, should be reduced accordingly or eliminated entirely.

## FIFTEENTH DEFENSE

(Set-off and/or Recoupment)

Synchrony owned and/or serviced multiple credit card accounts which Plaintiff had with Synchrony, including but not limited to a PayPal-branded Synchrony credit card account ending in 3124 and an eBay MasterCard-branded Synchrony credit card account ending in 6495. These accounts are in default to varying degrees. Plaintiff's damages, if any, are barred to the extent Synchrony is entitled to set-off and/or recoupment for amounts owed by Plaintiff to Synchrony. See *Fabian,* U.S. Dist. LEXIS 109013, at *15.

---

[3] *Id.*
[4] *Id.*

DEFENDANT SYNCHRONY BANK'S ANSWER AND DEFENSES

## SEVENTEENTH DEFENSE

(Consent / irrevocability)[5]

Plaintiff's claims are barred because Plaintiff gave his prior express consent to receive calls as part of his credit card agreement. Plaintiff cannot unilaterally revoke his consent to receive calls to his cellular telephone with an automated dialing system or prerecorded voice, which he provided in her contract with Synchrony. *See Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1044, n.3 (9th Cir. 2017); and 47 U.S.C. § 227(b)(1)(A); *See also Reyes v. Lincoln Automotive Financial Services*, 861 F.3d 51 (2d Cir. 2017) (regarding irrevocability of consent.)

**WHEREFORE,** Synchrony requests judgment against Plaintiff dismissing the Complaint with prejudice, and awarding costs of suit, including attorneys' fees, and all other relief this Court may deem just and equitable.

DATED: August 20, 2021                REED SMITH LLP

By: */s/ Steven P. Warner*
    Steven P. Warner
    Attorneys for Defendant
    SYNCHRONY BANK

---

[5] *Id.*

REED SMITH LLP
A limited liability partnership formed in the State of Delaware