# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JAKUB MADEJ,**<br>Plaintiff,<br>vs.<br>**SYNCHRONY BANK,**<br>Defendant. | CASE NO. 21-cv-02713-YGR<br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS, TRANSFER, OR STAY**<br>Re: Dkt. No. 38 |

Plaintiff Jakub Madej first filed an action under the Telephone Consumer Protection Act ("TCPA") in the Eastern District of New York on April 6, 2021, against defendant Synchrony Bank, incorrectly named as Synchrony Financial, in connection with 572 alleged robocalls made by defendant between November 2020 and March 2021. (Dkt. No. 27.)[1] One week later, plaintiff, proceeding *pro se*, filed a TCPA action in this District on April 15, 2021, against defendant PayPal Credit, which has since been substituted for the proper defendant Synchrony Bank. (Dkt. No. 1.) The complaint in this action alleges defendant made at least 40 robocalls in November 2020. (*Id.* ¶ 1.)

Despite filing an answer on June 10, 2020 (Dkt. No. 15), which has since been amended after the Court granted in part plaintiff's motion to strike, Synchrony now moves to (i) dismiss this case for improper venue, (ii) transfer this case to the Eastern District of New York, or (iii) stay this case until resolution of the New York action. (Dkt. No. 38.)

Plaintiff responds that Synchrony's venue challenge has been waived (having not been raised in the answer or in a pre-answer motion) and is otherwise insufficient because Synchrony purportedly resides in this District. (Dkt. No. 39 at 9–11.) Plaintiff further submits that transfer is inappropriate because this action could not have been brought in the Eastern District of New York.

---

[1] The Court "may take judicial notice of matters of public record, including duly recorded documents, and court records available to the public through the Pacer system via the internet." *C.B. v. Sonora Sch. Dist.,* 691 F. Supp. 2d 1123, 1138 (E.D. Cal. 2009); *see also Holder v. Holder,* 305 F.3d 854, 866 (9th Cir. 2002).

(*Id.* at 11–12.)  Finally, plaintiff contends that this case should not be stayed pending resolution of the case in New York because the two cases are unrelated.  (*Id.* at 12.)

In reply, Synchrony denies that it resides in the State of California.  (Dkt. No. 40 at 3.)[2]  Thus, because plaintiff also does not aver that he resides in this District or that events giving rise to his claims occurred in this District, Synchrony urges the Court to find that venue is not proper in this District.  (*Id.* at 2–3.)  Moreover, Synchrony denies that it waived the improper venue defense as it only had a short time to investigate the connection between the two cases despite filing a response in the New York case on June 3, 2021, and a response in the instant case on June 10, 2021.  (*Id.* at 3.)

The Court hereby **GRANTS IN PART AND DENIES IN PART** Synchrony's motion for the following reasons.  First, the Court finds that Synchrony waived the improper venue defense under Rule 12(b)(3).  *See Costlow v. Weeks,* 790 F.2d 1486, 1488 (9th Cir.1986) ("A defendant must object to venue by motion or in his answer to the complaint or else his objection is waived") (citations omitted).  Defendant explicitly acknowledges that at the time it filed its answer in this case, it had already filed an answer in the Eastern District of New York.  Thus, dismissal on this basis is not proper, and the motion is **DENIED** in this regard.

Second, while it may nevertheless seek transfer of venue under 28 U.S.C. Section 1404(a), Synchrony has failed to make the threshold showing that this action could have been brought in the transferee court.  *See Hatch v. Reliance Ins. Co.,* 758 F.2d 409, 414 (9th Cir. 1985) ("In determining whether an action might have been brought in a district, the court looks to whether the action initially could have been commenced in that district.") (internal quotation marks and citations omitted).  An action could have been brought in any court that has subject matter jurisdiction over the claims and personal jurisdiction over the defendant, and where venue would have been proper.  *See Hoffman v. Blaski*, 363 U.S. 335, 343–44 (1960).  Merely citing the New York complaint is insufficient to show that this matter could have been brought in the Eastern

---

[2] Synchrony submits a declaration from Angel Nayman, Assistant Vice President of Litigation Support, attesting only that "Synchrony is a federal savings association with a charter home office in Utah[.]"  (Dkt. No. 38-1 ¶ 2.)  Neither party has proffered sufficient evidence upon which the Court can conclude that Synchrony resides in California or New York.

2

District of York.  Thus, defendant fails to demonstrate that transfer is proper, and the motion is **DENIED WITHOUT PREJUDICE** in this regard.  Defendant may renew its motion to transfer should it be appropriate at a later juncture.

Notwithstanding, the Court finds that in the interest of judicial economy, a stay is appropriate in this case pending the outcome of the action in the Eastern District of New York, which involves the same parties and the same issues.  *See Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case.").  Accordingly, the motion is **GRANTED** on this basis, and the matter is hereby **STAYED**.  However, for statistical purposes only, the case shall be **ADMINISTRATIVELY CLOSED**.  The parties shall file a joint status report within **fourteen (14) days** from the date of resolution of the New York action, and if necessary and appropriate, bring an administrative motion to reopen the case.

This Order terminates Docket Number 38 and administratively closes the case.

**IT IS SO ORDERED.**

Dated: September 17, 2021

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**